COPELAND et al., Appellants and Cross–Appellees,

v.

TRACY, Appellee; Evans, Appellee and Cross–Appellant.

[Cite as *Copeland v. Tracy* (1996), 111 Ohio App.3d 648.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 95APE11–1533.

Decided June 13, 1996.

*Rankin M. Gibson,* for appellants and cross-appellees.

*Betty D. Montgomery,* Attorney General, and *Richard C. Farrin,* Assistant Attorney General, for appellee Roger W. Tracy.

*Bricker & Eckler, John F. Birath, Jr., Mark A. Engel, Price D. Finley* and *Sarah J. DeBruin; Howard E. Hall,* Morrow County Prosecuting Attorney, and *Tom E. Elkin,* Assistant Prosecuting Attorney, for appellee and cross-appellant Mary J. Evans, Morrow County Clerk of Courts.

BOWMAN, Judge.

On June 26, 1995, appellants, Leonard Copeland, Franklin Adkins and Alfred L. Miller, filed a complaint in the Franklin County Court of Common Pleas seeking a judgment declaring the additional permissive sales and use taxes levied on retail sales and the storage, use and consumption of motor vehicles and other tangible personal property in Morrow County, which was approved by voters in a special election held May 2, 1995, illegal, void and of no effect. In addition, appellants wanted appellees, Roger W. Tracy, Tax Commissioner of Ohio, and Mary J. Evans, Clerk of Courts of Morrow County, to be temporarily and permanently enjoined from collecting or attempting to collect the additional permissive sales and use taxes.

On January 18, 1995, a regular session of the Morrow County Board of Commissioners ("commissioners") was held, wherein the commissioners passed a resolution calling for the publication of legal notice of two public hearings to receive public comments regarding enacting a permissive sales tax in Morrow County pursuant to R.C. 5739.021, 5739.026, 5741.021 and 5741.023. At the commissioners' regular session on January 30, 1995, another resolution was adopted amending the January 18, 1995 resolution and adding two more hearing dates to discuss reenacting a permissive sales tax.[1] Both resolutions required the clerk to cause notice of the date, time and place of the hearings to be given by publication in a newspaper of general circulation in Morrow County once a week on the same day of the week for two consecutive weeks with the second publication being not less than ten nor more than thirty days prior to the first hearing on February 11, 1995. See R.C. 5739.021. The legal notice notifying the public that hearings would be held February 11, 13, 14 and 15, 1995, was published in the Morrow County Sentinel, a newspaper of general circulation in Morrow County, on Wednesday, February 1 and 8, 1995.

1. We note that the resolutions only involved a permissive sales tax and that the use portion of the tax was not addressed.

On February 15, 1995, during a regular session, the commissioners adopted a resolution requesting the Morrow County Board of Elections to submit to the electors of Morrow County the issue of enacting a continuing sales and use tax of one and one-half percent for the purpose of generating necessary revenues to provide basic and vital necessary public services in Morrow County, including criminal justice services, and to provide financial support for the construction, acquisition, equipping and/or repair of a detention facility. The resolution was adopted in anticipation of the state legislature's enacting a law permitting a county deemed to be in fiscal distress to propose a sales and use tax at a special election to be held in May 1995.

On March 1, 1995, the General Assembly passed Am.H.B. No. 33, effective March 13, 1995, which permitted a county deemed to be in fiscal distress to propose a sales and use tax at a special election to be held in May 1995. The Act was to go into immediate effect and was to be repealed May 3, 1995.

The permissive sales and use taxes sought by the commissioners was presented to the voters of Morrow County at a special election held May 2, 1995. Of the 6,104 votes cast on the issue, 3,735 voted for it and 2,369 voted against it. The result of the election was certified by the Morrow County Board of Elections on May 15, 1995.

On June 26, 1995, appellants filed their complaint, claiming that the special election was null and void. The matter was referred to a referee (now magistrate) for hearing on August 7, 1995.

On July 28, 1995, Tracy filed a motion to dismiss, asserting that the court lacked jurisdiction over the subject matter and the complaint failed to state a claim upon which relief could be granted. Tracy also asserted that, under the doctrine of laches, appellants were barred from obtaining the relief sought. In addition, Tracy moved the court for an order adding the commissioners as party defendants for the reason that, as the taxing authority of Morrow County, the commissioners were a necessary party under Civ.R. 19.

On July 31, 1995, Evans filed a motion to dismiss asserting four grounds: appellants failed to state a claim upon which relief could be granted, the court lacked jurisdiction over the subject matter, venue did not properly lie in the Franklin County Common Pleas Court, and appellants failed to join indispensable parties.

Appellants filed a memorandum contra the two motions to dismiss on August 7, 1995. Instead of the previously scheduled hearing, oral arguments were held on the motions to dismiss and, on August 16, 1995, the magistrate filed his proposed decision. In his proposed decision, the magistrate found that appellants pled sufficient causes of action with regard to their request for declaratory judgment

to withstand the motions to dismiss, but not with regard to injunctive relief. He also determined that Tracy's argument regarding laches went to a determination on the merits and was not a subject appropriately addressed through a motion to dismiss. In addition, the magistrate stated that it did appear that this cause of action required the commissioners and the Morrow County Auditor joined as parties. Thus, the magistrate recommended that the court deny the motion to dismiss in part, sustain it in part and stay the action until the proper parties were brought in, unless the court determined that the consideration of venue mandated the transfer of the case. All parties filed objections to the magistrate's proposed decision.

On September 1, 1995, the trial court rendered its decision finding that, since the commissioners were necessary parties to appellants' declaratory judgment action but were not joined, it lacked subject matter jurisdiction over appellants' declaratory judgment action and it was dismissed without prejudice. The court then adopted the magistrate's recommendation that appellants' claim for injunctive relief be dismissed. The court stated that all other issues in the case were moot.

Both appellants and Evans filed motions for reconsideration of the trial court's decision. Appellants asserted that the appropriate remedy, if necessary parties had not been joined, was to order the parties to be joined, not to dismiss the complaint without prejudice. Evans asserted that both of appellants' claims, one for declaratory relief and one for injunctive relief, should be dismissed with prejudice on the basis that the trial court lacked subject matter jurisdiction over the claims. In addition, Evans asserted that appellants' claim for declaratory judgment as to the validity of the sales and use taxes is barred because they failed to exhaust their administrative remedies before seeking declaratory relief.

Upon reconsideration, the trial court denied appellants' motion for reconsideration, stating that the court's decision to dismiss appellants' complaint for declaratory judgment was pursuant to R.C. 2721.12, and not Civ.R. 19 or 19.1. The trial court also granted Evans's motion for reconsideration in part, stating that appellants had not demonstrated that exhaustion of administrative remedies would not possibly provide them relief from the imposition of the sales and use tax, nor was it demonstrated that an attempt to exhaust administrative remedies would be futile. Regardless, the trial court determined that dismissing appellants' claim for declaratory judgment without prejudice was still appropriate and, therefore, Evans's motion was also denied in part.

Appellants now bring this appeal, asserting the following assignments of error:

"I. The trial court abused its discretion in refusing, in compliance with Civil R. 19, 19.1, and 21, to order the joinder of persons whom the court deemed to be necessary parties * * *.

"II. The trial court erred in holding that the taxpayers' action for declaratory judgment is barred by their failure to exhaust a supposed adequate administrative remedy * * *.

"III. The trial court abused its discretion in reserving jurisdiction to review through the instant declaratory judgment action any constitutional issues presented to administrative officials by the objecting taxpayers of Morrow County * * *.

"IV. Where 'piggy back' sales and use taxes are not lawfully adopted, the trial court erred in dismissing the taxpayers [sic] claim for injunction * * *."

In addition, Evans filed a cross-appeal, asserting the following assignments of error:

"A. The trial court erred in rendering moot and therefore not addressing the issue raised by Defendant Mary J. Evans, Morrow County Clerk of Courts, that Plaintiff's [sic] action is barred by the application of Ohio Revised Code §§ 3515.08 and 3515.09 of the Election Contest Statute.

"B. The trial court erred in rendering moot and therefore not addressing the issue raised by Defendant Mary J. Evans, Morrow County Clerk of Courts, that Plaintiffs' action is barred because Plaintiff's [sic] failed to comply with the requirements of Ohio Revised Code §§ 2723.01 through 2723.05 for enjoining the levy and collection of illegal taxes and recovering such illegal taxes.

"C. The trial court erred in rendering moot and therefore not addressing the issue raised by Defendant Mary J. Evans, Morrow County Clerk of Courts, that the Declaratory Judgment Act, Ohio Revised Code Chapter 2721, does not provide an independent basis for relief to Plaintiffs."

Inasmuch as both appellants' first assignment of error and Evans's first assignment of error in the cross-appeal are dispositive of this case, we will address these two assigned errors.

In her first assignment of error in the cross-appeal, Evans asserts that, although appellants do not characterize their cause of action as an election contest, the substance of the allegations in their complaint, that the special election was invalid due to technical deficiencies in the election process and procedures in furtherance of the election, and the ultimate relief sought, a declaration that the sales and use taxes are illegal, void and of no effect, makes it clear that the true nature of this action is an election contest. Therefore, Evans asserts that, since this is an election contest, the statutory prerequisites for filing

an election contest must be followed and, since they were not in this case,[2] the defect is jurisdictional and the trial court did not have jurisdiction to hear this case. Therefore, Evans asserts that the trial court should have dismissed appellants' complaint with prejudice.

An election contest is the specific remedy provided by statute for the correction of all errors, mistakes and frauds which may occur in the process of determining and declaring the true expression of the public will as expressed at the voting booth, including a vote recount. *State ex rel. Byrd v. Summit Cty. Bd. of Elections* (1981), 65 Ohio St.2d 40, 19 O.O.3d 230, 417 N.E.2d 1375. An election contest is also the vehicle to ascertain and decide which candidate or issue received the highest number of legal votes. *Portis v. Summit Cty. Bd. of Elections* (1993), 67 Ohio St.3d 590, 621 N.E.2d 1202. An election contest may also be used to challenge the ballot language if the assertion is that the language was misleading and/or improper. *In re Contested Election of November 2, 1993* (1995), 72 Ohio St.3d 411, 650 N.E.2d 859. An election contest is not appropriate to challenge a candidate's qualifications or eligibility, rather, in that instance, an election protest should be used. *State ex rel. Kirk v. Wheatley* (1938), 133 Ohio St. 164, 10 O.O. 236, 12 N.E.2d 491. An election contest is also not appropriate in a case where the validity of an election was challenged on the ground that there was no legal authority for holding the election. *State ex rel. v. O'Brien* (1890), 47 Ohio St. 464, 25 N.E. 121.

To prevail in an election contest, the contestor must prove that one or more election irregularities occurred and that the irregularity affected enough votes to make uncertain or change the results of the election. The contestor's burden of proof is clear and convincing evidence: that measure or degree of proof which is more than a mere preponderance of the evidence, but not to the extent of certainty that is required for proof beyond a reasonable doubt in criminal cases, and which will produce, in the mind of the trier of facts, a firm belief or conviction as to the facts sought to be established. *In re Election of November 6, 1990 for the Office of Attorney Gen. of Ohio* (1991), 58 Ohio St.3d 103, 569 N.E.2d 447.

In *MacDonald v. Bernard* (1982), 1 Ohio St.3d 85, 1 OBR 122, 438 N.E.2d 410, the court stated that courts should be reluctant to interfere with elections, except to enforce rights or mandatory or ministerial duties required by statute since the

---

2. Specifically, Evans asserts that appellants should have filed their complaint in Morrow County pursuant to R.C. 3515.08, that appellants failed to file a petition with the clerk of courts signed by at least twenty-five voters in the last election pursuant to R.C. 3515.09, that appellants failed to file the election contest within fifteen days of the announcement of the results of the election pursuant to R.C. 3515.09, and that appellants failed to post a bond pursuant to R.C. 3515.09.

survival of our system of government requires that proper respect be given to the will of the people as expressed at the voting booth. In *Mehling v. Moorehead* (1938), 133 Ohio St. 395, 11 O.O. 55, 14 N.E.2d 15, the court stated that, unless it is shown that the election result was contrary to the will of the people, it will not be disturbed. In *In re Election of November 6, 1990*, the court stated that the message of the established law in Ohio is clear: our citizens must be confident that their votes, cast either for a candidate or an issue, will not be disturbed except under extreme circumstances that clearly affect the integrity of the election. Therefore, public policy dictates that a court indulge every reasonable presumption and intendment in favor of the validity of an election instead of holding it void. *Beck v. Cincinnati* (1955), 162 Ohio St. 473, 55 O.O. 373, 124 N.E.2d 120.

In this case, appellants are not challenging the results of the May 2, 1995 special election, nor are they asserting that some fraud, mistake or error occurred in the process of ascertaining and declaring the public will as expressed at the voting booth. Rather, appellants challenge whether the election should have ever been held in the first instance. Appellants assert not only that Am.H.B. No. 33, which enabled the commissioners to hold the special election, is unconstitutional, but also that the process the commissioners used in placing the sales and use tax on the ballot was erroneous and, therefore, holding the election itself was illegal.

Because appellants' assertions do not involve the election process itself, or the results thereof, but, rather, involve whether the election should have been held at all, this court finds that this is not a case where an election contest is appropriate. All of appellants' challenges go to the issue of whether there was legal authority for holding the election in the first place. As such, an election contest is inappropriate. See *O'Brien*. Accordingly, Evans's first cross-assignment of error is not well taken.

In their first assignment of error, appellants assert that the trial court abused its discretion in failing to order the joinder of the commissioners as parties after the court determined the commissioners were necessary parties to the action. Appellants assert that the appropriate remedy in this case would have been to join the commissioners, pursuant to Civ.R. 19 and 19.1, rather than dismissing the complaint without prejudice.

The trial court's decision was based on R.C. 2721.12, which provides that "[w]hen declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration." In *Cincinnati v. Whitman* (1975), 44 Ohio St.2d 58, 73 O.O.2d 283, 337 N.E.2d 773, the court held that one of the requisites to the rendition of a declaratory judgment is that all necessary parties are before the court and that the absence

of an interested and necessary party constitutes a jurisdictional defect which precludes a court of common pleas from properly rendering a declaratory judgment. In addition, the absence of a necessary party renders all other issues moot, including the merits. In *Bretton Ridge Homeowners Club v. DeAngelis* (1988), 51 Ohio App.3d 183, 185, 555 N.E.2d 663, 666, the court stated:

" * * * Although Civ.R. 57 states that the procedure for obtaining a declaratory judgment is in accordance with the Civil Rules, Civ.R. 19, 12(G) and 12(H) are not applicable. A special statutory provision that is jurisdictional is substantive law and cannot be abridged, enlarged or modified by the Civil Rules. *Malloy v. Westlake* (1977), 52 Ohio St.2d 103, 104–105, 6 O.O.3d 329, 330, 370 N.E.2d 457, 458. The declaratory judgment statute is jurisdictional. *Id.* at 106, 6 O.O.3d at 330, 370 N.E.2d at 459. * * * " See, also, *Johnson v. Wheeler* (Mar. 14, 1996), Franklin App. No. 95APF07–839, unreported, 1996 WL 112641.

In this case, the trial court correctly determined that the commissioners were necessary parties to this case. It was the commissioners' actions in passing the resolution and the amended resolution, and the assistance of the legislature in permitting the election, that put the tax issue in question on the ballot. Further, the commissioners are the taxing authority in Morrow County and the taxes involved are Morrow County taxes which are generated solely for the county's use. Thus, it is incumbent that the commissioners be parties to this cause of action. This court notes that appellants never filed a motion to amend their complaint, although, in their motion for reconsideration of the trial court's September 1, 1995 decision, they did request that the court modify its decision and order the commissioners to be joined as parties rather than dismissing the complaint without prejudice. Such a request is not sufficient and does not properly raise the issue before the trial court.

Therefore, this court finds that the trial court was correct in determining that, since the commissioners are parties which would be affected by the outcome of this case and, thus, are necessary parties, the failure to include them as parties constituted a jurisdictional defect which precluded the court from rendering a declaratory judgment. Further, joining the commissioners as parties, pursuant to Civ.R. 19 and 19.1, was not an option since the declaratory judgment statute is a substantive law which is jurisdictional and cannot be abridged, enlarged or modified by the Civil Rules. Accordingly, appellants' first assignment of error is not well taken.

Inasmuch as the jurisdictional defect of not including the commissioners as parties to this action precluded the common pleas court from properly rendering a declaratory judgment, all remaining issues were no longer properly before the court and, therefore, were moot. Accordingly, this court finds that appellants' second, third and fourth assignments of error and Evans's second and third

assignments of error are also moot. Appellants' first assignment of error is overruled and Evans's first cross-assignment of error is overruled. The judgment of the trial court is affirmed.

*Judgment affirmed.*

TYACK and CLOSE, JJ., concur.