[This opinion has been published in *Ohio Official Reports* at 86 Ohio St.3d 318.]

PLUMBERS & STEAMFITTERS LOCAL UNION 83, APPELLANT, *v*. UNION LOCAL

SCHOOL DISTRICT BOARD OF EDUCATION, APPELLEE.

[Cite as *Plumbers & Steamfitters Local Union 83 v. Union Local School Dist.*

*Bd. of Edn.*, 1999-Ohio-109.]

*Civil procedure—Declaratory judgment action—When not all interested persons*

*have been made parties, party seeking relief may join the absent party by*

*amending its pleading in accordance with Civ.R. 15.*

In an action for declaratory judgment in which it becomes apparent that not all

interested persons have been made parties, the party seeking relief may join

the absent party by amending its pleading in accordance with Civ.R. 15.

(No. 98-1855—Submitted June 8, 1999—Decided September 8, 1999.)

APPEAL from the Court of Appeals for Belmont County, No. 97-BA-40.

———————————

{¶ 1} On March 17, 1997, plaintiff-appellant, Plumbers & Steamfitters Local Union 83, filed a complaint for declaratory judgment in the Belmont County Court of Common Pleas against defendant-appellee, Union Local School District Board of Education. The complaint alleges that in 1996, appellee decided to construct and/or renovate several school buildings in the Union Local School District and that in soliciting and accepting bids for the project, appellee violated its duties and obligations under Ohio's competitive-bidding statute applicable to school districts, R.C. 153.50 *et seq*. The complaint also alleges that appellee's failure to comply with these provisions deprived appellant's members of employment opportunities that would otherwise have been available to them.

{¶ 2} On April 11, 1997, appellee filed an answer and a motion to dismiss. In its answer, appellee alleged the following defense:

"The plaintiff has failed to join parties indispensable to this action in accord

with Rule 19(A) of the Ohio Rules of Civil Procedure. The indispensable parties are the State of Ohio, State Board of Education * * * and the architects who prepared the plans and the specifications for the State of Ohio, State Board of Education and the Union Local School District to-wit: Fanning/Howey Associates, Inc., Architects, Engineers, Consultants * * *."

{¶ 3} In its motion to dismiss, appellee sought dismissal "in accord with the defense raised" and argued that "[i]f the Court joins the State of Ohio, State Board of Education, this matter cannot be heard in the Court of Common Pleas of Belmont County, Ohio, but * * * must be brought in the Court of Claims."

{¶ 4} On May 5, 1997, appellant filed a motion to strike appellee's motion to dismiss or, alternatively, for leave to file an amended complaint joining the State of Ohio, State Board of Education as a party. Appellant argued that the state board and architectural firm were not necessary parties, but that if the court determined them to be such, it should either order them joined pursuant to Civ.R. 19(A) or grant appellant leave to file an amended complaint. Appellant attached an amended complaint to its motion adding the state board as a defendant, and argued further that joinder of the state would not deprive the court of jurisdiction.

{¶ 5} Following a hearing and the submission of posthearing briefs, the trial court entered judgment dismissing the action without prejudice. The court found that under the provisions of R.C. Chapter 3318, governing the funding of school facilities, appellee was acting as an agent of the state and, therefore, the state, as the contracting party, "is the correct party defendant." Accordingly, the trial court held that Civ.R. 3(B)(4) "requires that such action be venued, commenced and decided by the Court in the county in which a public officer (superintendent of public construction), maintains his principle [*sic*] office[,] * * * the Franklin County Common Pleas Court."

{¶ 6} The court of appeals affirmed, finding that "[a]s an agent for this disclosed principal [the state], appellee is not liable for any contracts it makes on

2

its behalf, and consequently, is not the real party in this litigation." The appellate court also held that "[t]he trial court did not abuse its discretion in overruling appellant's motion for leave to amend its complaint or in failing to order joinder of the State which the trial court found to be an indispensable party." This holding appears to be based on a finding that the application of Civ.R. 15 and/or Civ.R. 19(A) would operate to abridge, enlarge, or modify that portion of R.C. 2721.12 providing that "[w]hen declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration."

{¶ 7} The cause is now before this court pursuant to the allowance of a discretionary appeal.

_____

*Green, Haines, Sgambati, Murphy & Macala Co., L.P.A.,* and *Ronald G. Macala*, for appellant.

*Thomas, Fregiato, Myser, Hanson & Davies* and *Rodney D. Hanson*, for appellee.

*Benesch, Friedlander, Coplan & Aronoff, L.L.P., N. Victor Goodman* and *Mark D. Tucker*, urging reversal for *amicus curiae*, Ohio State Building and Construction Trades Council, AFL-CIO.

_____

**ALICE ROBIE RESNICK, J.**

{¶ 8} The broad issue is whether the trial court abused its discretion in dismissing this declaratory judgment action without prejudice for appellant's failure to join the State of Ohio, State Board of Education as a party.

{¶ 9} The positions of the parties have shifted during the litigation. Appellee no longer advances any argument with respect to the architectural firm, arguing instead that the state board is the sole party with any interest in the procedures created under R.C. Chapter 3318. Appellant now concedes that the state is a necessary party, but maintains that appellee is also a necessary party under R.C.

Chapters 153 and 3318. Also, what began as a successful motion to dismiss in accordance with Civ.R. 19(A) is now defended by appellee on the basis that Civ.R. 19 and other Civil Rules relating to the joinder or addition of parties are inapplicable to these proceedings. Thus, there are several questions that need to be addressed in order to determine the propriety of dismissal in this case.

{¶ 10} The first question is whether appellee has any interest in this litigation under R.C. Chapter 3318. Despite the lengthy arguments of the parties and *amicus curiae*, Ohio State Building and Construction Trades Council, AFL-CIO, this issue is easily resolved. "Under the provisions of Chapter 3318, Revised Code, * * * joinder of the [local school district] board and the superintendent should be made for a complete determination of the action." *State ex rel. Riley Constr. Co. v. E. Liverpool City School Dist. Bd. of Edn.* (1967), 10 Ohio St.2d 25, 28, 39 O.O.2d 15, 17, 225 N.E.2d 246, 248-249.

{¶ 11} The second question is whether joinder of the state board would render Belmont County an improper forum for this lawsuit. Since appellee's argument, which is that proper venue lies only in Franklin County, is based on the assertion that the state board is the only interested party, this question need not detain us long either.

{¶ 12} Venue is clearly proper in Belmont County as to appellee under any of the provisions of Civ.R. 3(B)(1)-(6). Under Civ.R. 3(E), if venue is proper as to one defendant, it is proper as to all defendants. Thus, the joinder of the state board would not render Belmont County an improper forum, and the action is still properly venued in the Belmont County Court of Common Pleas despite the joinder of the state board.

{¶ 13} The third question is whether, in an action for declaratory judgment in which it becomes apparent that not all interested persons have been made parties, the party seeking relief may join the absent party by amending its pleading.

{¶ 14} Generally, a declaratory judgment action proceeds in accordance

with the Ohio Rules of Civil Procedure, as does any civil action. Civ.R. 57 provides that "[t]he procedure for obtaining a declaratory judgment pursuant to Sections 2721.01 to 2721.15, inclusive, of the Revised Code, shall be in accordance with these rules."

{¶ 15} Under the Civil Rules, the absence of a necessary party alone would not justify the dismissal of an action. "Ohio courts have eschewed the harsh result of dismissing an action because an indispensable party was not joined, electing instead to order that the party be joined pursuant to Civ.R. 19(A) (joinder if feasible) or that leave to amend the complaint be granted. Moreover, Civ.R. 21 * * * allows parties to be added or dropped at any stage of the proceeding, as justice requires." (Citations omitted.) *State ex rel. Bush v. Spurlock* (1989), 42 Ohio St.3d 77, 81, 537 N.E.2d 641, 645.

{¶ 16} However, appellee argues that R.C. 2721.12's requirement that all interested persons be made parties precludes the application of the Civil Rules to join or add parties. According to appellee, "the application of the Rules to add parties to the action would abridge or enlarge the substantive rights under the statute and must be inapplicable."

{¶ 17} In support, appellee relies on several cases in which this court held that the absence of a necessary party constitutes a jurisdictional defect that precludes a court of common pleas from properly rendering a declaratory judgment, and argues that since R.C. 2721.12 is a special statutory provision, jurisdictional in nature, it is deemed a substantive law and cannot be abridged, enlarged, or modified by the Ohio Rules of Civil Procedure. *Malloy v. Westlake* (1977), 52 Ohio St.2d 103, 6 O.O.3d 329, 370 N.E.2d 457; *Cincinnati v. Whitman* (1975), 44 Ohio St.2d 58, 73 O.O.2d 283, 337 N.E.2d 773, paragraph one of the syllabus; *Zanesville v. Zanesville Canal & Mfg. Co.* (1953), 159 Ohio St. 203, 50 O.O. 254, 111 N.E.2d 922, paragraph three of the syllabus. See, also, *Gannon v. Perk* (1976), 46 Ohio St.2d 301, 310-311, 75 O.O.2d 358, 363-364, 348 N.E.2d 342, 348.

**{¶ 18}** However, none of these cases holds, as appellee suggests, that R.C. 2721.12 would be abridged, enlarged, or modified by the application of those Civil Rules that allow necessary parties to be added or joined subsequent to the initial pleading. In none of these cases did any party request leave to amend its complaint. The question of whether a party seeking relief may join a necessary party by amendment was simply not an issue in any of these cases.

**{¶ 19}** Essentially, appellee is asking this court to hold that, in an action for declaratory judgment, the initial pleading is the only means by which an interested person can be made a party. To do this, we would have to write into R.C. 2721.12 a clause that does not appear: "When declaratory relief is sought, all persons shall be made parties [*in the initial pleading*] who have or claim any interest which would be affected by the declaration." R.C. 2721.12 provides the substantive requirement that all interested persons be made parties; it does not purport to govern the procedural method by which this is accomplished, and it certainly does not limit parties to their initial pleadings.

**{¶ 20}** Thus, as explained in 22A American Jurisprudence 2d (1988) 860, Declaratory Judgments, Section 221:

"The procedure and practice with respect to amendments in declaratory judgment actions is similar to that prevailing in ordinary actions at law and suits in equity. It has been said that a court should not refuse relief on the ground of lack of jurisdiction, without giving leave to amend. And while the court has discretionary power to refuse to enter a declaratory judgment which does not terminate the uncertainty or controversy giving rise to the proceeding, amendment rather than dismissal of the complaint has been held to be preferable where the entire controversy between the parties can thus be brought before the court for complete and final disposition." (Footnotes omitted.)

**{¶ 21}** Appellee also argues that "the various courts of appeal in Ohio * * * have consistently held that the application of the rules permitting additional

6

parties to be added is a substantive change of the statute and, as a result, cannot be accepted under these circumstances." In support, appellee relies on *Bretton Ridge Homeowners Club v. DeAngelis* (1988), 51 Ohio App.3d 183, 555 N.E.2d 663, and *Copeland v. Tracy* (1996), 111 Ohio App.3d 648, 676 N.E.2d 1214. We disagree, finding that appellee's reliance on these cases is misplaced.

{¶ 22} In *DeAngelis*, the court held that "[a]lthough Civ.R. 57 states that the procedure for obtaining a declaratory judgment is in accordance with the Civil Rules, Civ.R. 19, 12(G) and 12(H) are not applicable. * * * The defense of failure to join a party in a declaratory judgment action cannot be waived." *Id.*, 51 Ohio App.3d at 185, 555 N.E.2d at 666. We agree, but this adds nothing to our inquiry. In *Gannon, supra*, 46 Ohio St.2d at 310-311, 75 O.O.2d at 363-364, 348 N.E.2d at 348, this court held that the failure to join a necessary party in an action for declaratory judgment constitutes a jurisdictional defect that cannot be waived. Like *Gannon, DeAngelis* does not hold that R.C. 2721.12 would be altered by the application of those Civil Rules that permit necessary parties to be added or joined subsequent to the initial pleading.

{¶ 23} In addition, in *Zanesville, supra*, 159 Ohio St. at 209, 50 O.O. at 256, 111 N.E.2d at 925, we relied in part on *Holland v. Flinn* (1940), 239 Ala. 390, 195 So. 265, for the proposition that in a declaratory judgment action the presence of necessary parties is jurisdictional. In *Holland*, no issue was raised regarding the absence of necessary parties until the Supreme Court of Alabama raised the issue on its own. After finding that certain absent persons should have been made parties, the court reversed the declaration below and ordered "the cause remanded that necessary parties may be brought in by amendment, if plaintiff so desires." *Id.*, 239 Ala. at 392, 195 So. at 267. Clearly, the fact that the requirement for joining all necessary parties is jurisdictional and cannot be waived does not preclude joinder by amendment in a declaratory judgment action.

{¶ 24} In *Copeland*, the court, relying on *DeAngelis*, held that joinder

"pursuant to Civ.R. 19 and 19.1 was not an option." *Id.*, 111 Ohio App.3d at 656, 676 N.E.2d at 1219. It is unclear whether this means that a court is precluded from or merely not obligated to join the absent parties on its own motion. See, generally, Annotation (1960), 71 A.L.R.2d 723, 738-739, Section 8. In any event, we need not determine whether a court may order absent but necessary parties joined on its own motion, since leave to amend was requested in the case *sub judice*. Even the court in *Copeland* felt compelled to note that "appellants never filed a motion to amend their complaint." *Id.*, 111 Ohio App.3d at 656, 676 N.E.2d at 1219. The court was apparently of the view that the issue of joinder under Civ.R. 19 and 19.1 is separate and distinct from the issue of amendment. Thus, appellee's reliance on *Copeland* is also misplaced.

{¶ 25} We hold that in an action for declaratory judgment in which it becomes apparent that not all interested persons have been made parties, the party seeking relief may join the absent party by amending its pleading in accordance with Civ.R. 15.

{¶ 26} Since no legitimate reason remains as to why this cause should have been dismissed, we must conclude that the trial court abused its discretion in this regard. Therefore, we reverse the judgment of the court of appeals and remand the cause to the trial court for further proceedings consistent with this decision.

*Judgment reversed*

*and cause remanded.*

MOYER, C.J., DOUGLAS, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____