OPINION
This is an accelerated appeal taken from a final judgment of the Trumbull County Court of Common Pleas. Appellants, State Farm Mutual Automobile Insurance Company and Jessie Stahlman, appeal from the trial court's decision to vacate a prior declaratory judgment.[1]
On August 16, 1996, sixteen-year-old Eric Nicholas was driving to school in a 1976 Buick LeSabre after receiving permission to use the car from his father, David Nicholas. While enroute to the school, Eric Nicholas failed to yield the right of way to oncoming traffic while attempting to make a left turn, and he collided with another automobile driven by Barbara Gambone ("Gambone"). As a result of the accident, Gambone sustained various physical injuries and incurred lost wages. As will be discussed, infra, David Nicholas and Gambone each maintained automobile insurance policies with Nationwide Insurance Company ("Nationwide").
The Buick LeSabre had previously been purchased by David Nicholas and his cousin, appellant Jessie Stahlman. When purchasing the Buick LeSabre, David Nicholas and Jessie Stahlman allegedly split the cost equally, but the car was titled only in the latter's name. The men intended to use the Buick LeSabre for the exclusive purpose of traveling together to work sites in other states.
After the acquisition of the Buick LeSabre, Jessie Stahlman and his wife, Rachel, contacted the local agent for their insurer, State Farm Mutual Automobile Insurance Company ("State Farm"). Through this agent, the Stahlmans purchased automobile liability coverage for the Buick LeSabre. The insurance contract listed Rachel Stahlman as the policyholder, but Jessie Stahlman was also an insured by virtue of his spousal status.
On the evening of August 15, 1996, Jessie Stahlman and David Nicholas returned together from working a job in Michigan. David Nicholas dropped his cousin off in Southington, Ohio, and then he drove the Buick LeSabre to his home in Lake Milton, Ohio. Early the next morning, Eric Nicholas was unable to start his car before school. Consequently, David Nicholas gave his son permission to drive the Buick LeSabre. As indicated previously, Eric Nicholas operated the Buick LeSabre in a negligent manner and collided with Gambone on his way to school.
Following the accident, Eric Nicholas and his father requested that State Farm provide liability coverage for the damages sustained by Gambone. In addition, Eric Nicholas sought to have State Farm pay for his medical expenses stemming from the accident. State Farm denied the claims. As grounds for the denial, State Farm maintained that Eric Nicholas was not an "insured" for purposes of triggering coverage under the policy because he did not have either Jessie or Rachel Stahlman's permission to drive the Buick LeSabre to school on the morning in question. In support of this position, State Farm pointed to the clause in its policy defining an "insured" as, inter alia, "any other person while using such a car if its use is within the scope of consent of you or your spouse [i.e., Jessie and Rachel Stahlman.]"
In the wake of State Farm's denial of the claims, Eric Nicholas filed a declaratory judgment action in the trial court on April 28, 1997. The complaint named State Farm as the sole defendant. Pursuant to this filing, Eric Nicholas sought a declaration by the trial court that he was entitled to coverage under the policy of insurance that State Farm had issued to the Stahlmans. State Farm filed an answer in response to the complaint. Discovery between the parties ensued, during which Eric and David Nicholas and Jessie and Rachel Stahlman were deposed.
On October 10, 1997, Eric Nicholas filed a motion for summary judgment pursuant to Civ.R. 56(C). In this motion, Eric Nicholas argued that he was entitled to judgment as a matter of law because, although he did not have the Stahlmans' express permission to drive the Buick LeSabre, he did have their implied consent by virtue of the fact that his father had been authorized by a named insured (i.e., Jessie Stahlman) to drive the automobile. State Farm responded by filing a brief in opposition to Eric Nicholas' motion on January 27, 1998, along with a cross-motion for summary judgment. Through counsel, Eric Nicholas filed a response to State Farm's cross-motion.
After reviewing the parties' submissions, the trial court issued its ruling on the competing motions on March 10, 1998. In the judgment entry, the trial court concluded that there was no genuine issue as to the material fact that Eric Nicholas had neither the express nor implied permission of the Stahlmans to drive the Buick LeSabre to school on August 16, 1996. Consequently, the trial court granted State Farm's cross-motion for summary judgment, while concomitantly denying Eric Nicholas' motion for the same. Neither party filed an appeal from this judgment.
More than eight months later, on November 17, 1998, Nationwide filed a motion requesting that the trial court vacate its March 10, 1998 judgment pursuant to Civ.R. 60(B).[2]
Although Nationwide was not a party to the prior litigation, the insurer nonetheless sought to have the declaratory judgment vacated on the ground that the absence of a necessary and interested party constituted a jurisdictional defect which precluded the trial court from properly rendering a valid judgment under R.C. 2721.12. Indeed, Nationwide claimed to be the necessary party whose absence from the prior proceedings rendered the resulting declaratory judgment defective from a jurisdictional standpoint.
Nationwide contended that it was a necessary and interested party for two reasons. First, Gambone had an automobile insurance policy with Nationwide which provided not only liability coverage, but also uninsured/underinsured motorist ("UM/UIM") coverage. Thus, if Gambone did not receive adequate compensation for her damages from the tortfeasor's insurer, then Nationwide would potentially be liable to her due to the UM/UIM coverage. Second, Nationwide also had issued an automobile insurance policy which covered David Nicholas and the members of his family, including Eric Nicholas. Given the existence of this policy, Nationwide was potentially liable for claims arising out of the August 16, 1996 accident. Therefore, Nationwide desired to have State Farm declared primarily liable for the accident, while it remained only secondarily liable.
State Farm filed a brief in opposition on January 11, 1999. In its brief, State Farm argued that Nationwide lacked standing to file the Civ.R. 60(B) motion because it was not a party to the previous litigation in the declaratory judgment action. State Farm also maintained that the motion to vacate should be overruled because Nationwide failed to demonstrate that it had satisfied the requirements for being entitled to relief from the declaratory judgment.
On February 12, 1999, the trial court issued an entry granting Nationwide's motion to vacate the March 10, 1998 judgment. As a result, the trial court decreed that its prior entry was vacated and held for naught. In addition, the trial court further ordered that Nationwide, Jessie Stahlman, and Gambone be joined as new party-defendants in the declaratory judgment action.
From this judgment, appellants filed a timely notice of appeal with this court. They now assert the following assignment of error:
 "The trial court erred in vacating its final, declaratory judgment at the request of Nationwide when Nationwide provided no grounds for doing so."
In their sole assignment of error, appellants posit that the trial court erred in granting Nationwide's Civ.R. 60(B) motion to vacate the prior declaratory judgment. In doing so, appellants take the position that Nationwide failed to satisfy the test announced by the Supreme Court of Ohio in GTE AutomaticElectric v. ARC Industries (1976), 47 Ohio St.2d 146, for granting relief from judgment pursuant to Civ.R. 60(B).
Under this test, the moving party must demonstrate the following in order to prevail on a motion brought under Civ.R. 60(B): (1) the movant has a meritorious defense or claim to present if relief is granted; (2) the movant is entitled to relief under one of the enumerated grounds stated in the rule; and (3) the motion is made within a reasonable time, and, where the grounds for relief are Civ.R. 60(B)(1), (2), or (3), not more than one year after the judgment, order, or proceeding was entered or taken. GTE, 47 Ohio St.2d 146, at paragraph two of the syllabus. See, also, Taaffe v. Taaffe (Dec. 26, 1997), Trumbull App. No. 96-T-5616, unreported, at 6-7, 1997 Ohio App. LEXIS 5865. The moving party must satisfy all three prongs of the test in order to prevail. Argo Plastic Products Co. v. Cleveland (1984), 15 Ohio St.3d 389,391; Svoboda v. Brunswick (1983), 6 Ohio St.3d 348,351; Ursetti v. Omlin (Dec. 11, 1998), Lake App. No. 97-L-287, unreported, at 5, 1998 WL 964550.
In the instant matter, appellants contend that Nationwide failed to satisfy all three prongs of the GTE test. Obviously, if this were indeed the case, then Nationwide would not have been entitled to relief from the declaratory judgment.
Upon review, it is apparent to this court that we need not address the argumentation set forth in appellants' brief regarding whether or not Nationwide complied with the GTE test. Instead, a different resolution of the appeal presents itself. Specifically, it is apparent that Nationwide did not have standing to file the Civ.R. 60(B) motion in the first place.
The opening sentence of Civ.R. 60(B) states that "[o]n motion and upon such terms as are just, the court may relieve a party orhis legal representative from a final judgment, order or proceeding * * *." (Emphasis added.) From this language, it has been held that a person or entity who is neither a party nor a legal representative of a party may not properly obtain relief from a judgment by way of Civ.R. 60(B), unless that person or entity first becomes a party through intervention under Civ.R. 24. See Hardman v. Chiaramonte (1987), 39 Ohio App.3d 9, 10 (holding that the administrator of an estate could not file a Civ.R. 60(B) motion in a parentage action when he had never made a motion to intervene as a party in the action); Pliable Veneers, Inc. v. OmniStore Fixtures Corp. (May 23, 1997), Lucas App. No. L-96-145, unreported, at 9, fn. 5, 1997 Ohio App. LEXIS 2191 (stating that a corporation could not file a Civ.R. 60(B) motion in an action in which it was not a party). See, also, 2 Klein Darling, Civil Practice (1997) 645, Section 60-21.
In the case sub judice, there were only two parties in the declaratory judgment action, to wit: Eric Nicholas and State Farm. Because Nationwide was not a party to the original litigation, it had to file a successful motion to intervene in the proceedings before it could file a Civ.R. 60(B) motion to vacate the March 10, 1998 judgment. Nationwide, however, never moved to intervene. Therefore, Nationwide's motion to vacate was improperly filed, and the trial court should not have granted the company relief from a prior judgment to which it was not a party.
The trial court erred by granting a motion for relief filed by a non-party to the proceeding. Despite this, we conclude that the vacation of the March 10, 1998 judgment was actually the right result, although such result was achieved through the wrong procedure.
At the time Eric Nicholas filed the declaratory judgment action against State Farm, R.C. 2721.12 provided in relevant part:
 "When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration. No declaration shall prejudice the rights of persons not parties to the proceeding."[3]
R.C. 2721.12 is a special statutory provision which is jurisdictional in nature. It has been deemed a substantive law and, therefore, can not be abridged, enlarged, or modified by the Ohio Rules of Civil Procedure. Malloy v. Westlake (1977), 52 Ohio St.2d 103,104-105.
The Supreme Court of Ohio has interpreted R.C. 2721.12 as mandating that the absence of a necessary party constitutes a jurisdictional defect which precludes a court of common pleas from properly rendering a declaratory judgment. Plumbers Steamfitters Local Union 83 v. Union Local School Dist. Bd. ofEdn. (1999), 86 Ohio St.3d 318, 321; Cincinnati v. Whitman
(1975), 44 Ohio St.2d 58, paragraph one of the syllabus;Zanesville v. Zanesville Canal Mfg. Co. (1953), 159 Ohio St. 203, paragraph three of the syllabus. Since the statute is jurisdictional in nature, the defense of failure to join a necessary party in a declaratory judgment action may not be waived. Gannon v. Perk (1976), 46 Ohio St.2d 301, 310.
In the case at bar, Nationwide filed the Civ.R. 60B) motion to vacate on the ground that it was a necessary and interested party whose absence from the prior proceedings constituted a jurisdictional defect which precluded the trial court from properly rendering a valid judgment under R.C. 2721.12. Upon being presented with Nationwide's motion, the trial court agreed that not all necessary and interested persons and entities had been made parties in the declaratory judgment action. As a result, the trial court vacated the March 10, 1998 judgment and ordered that Nationwide, Jessie Stahlman, and Gambone be joined as new party-defendants in the declaratory judgment action.[4]
Upon review, we concur with the trial court's judgment that certain necessary and interested persons and entities were missing from the original litigation. Specifically, we agree that Nationwide is a necessary party by virtue of the fact that it was the insurer of the Nicholas family. Given this, Nationwide was certainly interested in the outcome of the declaratory judgment action because it stood to be liable if it was determined that Eric Nicholas was not an "insured" under the State Farm policy.
Again, R.C. 2721.12 states that when "declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration." Under R.C.2721.01, the term "person" as used in Revised Code Chapter 2721 includes corporations. In light of this, Nationwide was a "person" which obviously was "affected by the declaration."
The conclusion that Nationwide was a necessary party is buttressed by the fact that Nationwide could have brought its own declaratory judgment action against Eric Nicholas in the wake of the automobile accident. See, generally, R.C. 2721.04 (providing that a contract may be construed by a declaratory judgment). As the insurer of the Nicholas family, Nationwide had the right to initiate such an action in order to determine its potential liability in the event that a civil judgment was obtained against Eric Nicholas as the tortfeasor.
The trial court also determined that Jessie Stahlman was a necessary party. Upon consideration, we conclude that both Jessie and Rachel Stahlman were necessary parties because they are the named insureds in the State Farm policy.
The trial court also found Gambone to be a necessary party to the declaratory judgment action. It is apparent to this court, however, that Gambone's absence from the proceedings did not constitute a jurisdictional defect which precluded the trial court from properly rendering a declaratory judgment. In Broz v.Winland (1994), 68 Ohio St.3d 521, syllabus, the Supreme Court of Ohio held as follows:
 "A determination made in a declaratory judgment action between an insurance company and its insured does not bind persons injured by the insured's negligence who are not parties to the declaratory judgment action."
Implicit in the Supreme Court's decision in Broz was the conclusion that the injured persons were not necessary parties whose absence from the prior declaratory judgment action constituted a jurisdictional defect which precluded the trial court from properly rendering a valid judgment under R.C.2721.12. The court noted, however, that the declaratory judgment action involved the injured tort claimants' interests as much as any other party who actually participated in the proceeding. Consequently, the court concluded that the injured tort claimants were clearly proper parties who could have been joined to the declaratory judgment action between the insurer and its insureds. Broz, 68 Ohio St.3d at 525.
Extrapolating the Broz analysis to the instant appeal, we conclude that Gambone was not a necessary party in the declaratory judgment action between Eric Nicholas and State Farm. Because Gambone was the injured tort claimant, however, her interests were clearly implicated by the declaratory judgment action, and the trial court would have been within its discretion to grant her leave to join the proceedings as a new party.[5]
Again, however, we must reiterate that the trial court's granting of the Civ.R. 60(B) motion filed by Nationwide was in error because the insurance company never had standing to file such a motion. Nevertheless, the vacation of the March 10, 1998 judgment was the correct result.
This court has previously held that a trial court possesses the inherent power to set aside a judgment which is encumbered by a jurisdictional defect. Durkin v. Gran TurismoJaguar (Dec. 17, 1999), Lake App. No. 98-L-101, unreported, at 7, 1999 Ohio App. LEXIS 6120. See, also, Patton v. Diemer (1988),35 Ohio St.3d 68, paragraph four of the syllabus (holding that "the authority to vacate a void judgment is not derived from Civ.R. 60(B) but rather constitutes an inherent power possessed by Ohio courts"). Hence, notwithstanding the fact that Nationwide improperly filed the Civ.R. 60(B) motion, the trial court still had the intrinsic authority to vacate the March 10, 1998 judgment on the ground that it was encumbered by a jurisdictional defect, to wit: the absence of necessary parties precluded the trial court from properly rendering a binding declaratory judgment pursuant to R.C. 2721.12.[6]
In summary, we conclude that the trial court should not have entertained a Civ.R. 60(B) motion that had been filed by a non-party to the prior declaratory judgment action. Nonetheless, the trial court's decision to vacate the March 10, 1998 decree was proper given its inherent power to set aside a judgment which is encumbered by a jurisdictional defect.
Based on the foregoing analysis, the assignment of error is not well-taken. Accordingly, the judgment of the trial court is affirmed.
 ______________________________________________________ JUDGE JUDITH A. CHRISTLEY
FORD, P.J., NADER, J., concur.
[1] It is apparent from the record that "State Farm Mutual Automobile Insurance Company" is actually the proper name of the insurer, not simply "State Farm Insurance" as it was captioned in the complaint for declaratory judgment. Also, appellant Jessie Stahlman's name is spelled both "Jessie" and "Jesse" at numerous points throughout the record. We will use the former.
[2] The record is clear that the parties and the trial court treated this as a motion for relief from judgment under Civ.R. 60(B), as opposed to a common law motion to vacate. The importance of this distinction will be explained, infra.
[3] R.C. 2721.12 was recently amended effective September 24, 1999.
[4] On this point, we would note that the trial court should have granted leave to Nationwide and any other necessary parties to take the initiative themselves to join the litigation by invoking the proper procedural mechanisms.
[5] After the decision in Broz was handed down, the General Assembly amended various sections of Revised Code Chapter 2721, including R.C. 2721.02 and R.C. 2721.12, effective September 24, 1999. The effect of these amendments has been to supersede certain aspects of the Supreme Court's holding in Broz. See §§ 4-5 of H.B. 58. These legislative amendments did not take effect until well after Eric Nicholas filed the declaratory judgment action which is the subject of the present appeal on April 28, 1997.
[6] In Durkin, this court observed that a motion for relief from judgment under Civ.R. 60(B) is not the proper mechanism for challenging a void judgment. Instead, "the appropriate recourse is to file a common law motion to vacate based upon the inherent power of a trial court to set aside a judgment which is encumbered by a jurisdictional defect." Durkin, 1999 Ohio App. LEXIS 6120, at 7.