{¶ 17} I concur with the majority's disposition of appellant's appeal, but do so based solely on the analysis that a necessary party was not named in this action.
 {¶ 18} The majority, in its opinion, holds that appellant's appeal is moot because appellant has not demonstrated an actual controversy between the parties. On such basis, the majority dismisses the appeal. However, my concern is that the Director of the Ohio EPA was not named in the complaint. As the majority states in its opinion, the Director of the Ohio EPA has the power of enforcement of the rules under dispute. Because appellant is challenging the enforceability of such rules, I believe that the Director of the Ohio EPA was a necessary party to this declaratory judgment action.
 {¶ 19} "A party's failure to join an interested and necessary party constitutes a jurisdictional defect that precludes the court from rendering a declaratory judgment." Portage Cty. Bd. Of Commrs. v.Akron, 109 Ohio St.3d 106, 125, 2006-Ohio-954, 846 N.E.2d 478, citing,Plumbers Steamfitters Local Union 83 v. Union Local School Dist. Bd.of Edn. (1999), 86 Ohio St.3d 318, 321, 715 N.E.2d 127. Such defect cannot be waived. Id. On such basis, I would reverse the judgment or the trial court and remand the matter for further proceedings. *Page 1