[Cite as *Rababy v. Safeco Ins. Co.*, 2025-Ohio-5763.]

# COURT OF APPEALS OF OHIO

# EIGHTH APPELLATE DISTRICT
# COUNTY OF CUYAHOGA

JOSEPH RABABY,                               :

    Plaintiff-Appellant,           :

                              No.  115079

    v.                             :

SAFECO INSURANCE COMPANY,        :
ET AL.,

                             :

    Defendants-Appellees.

---

## JOURNAL ENTRY AND OPINION

**JUDGMENT:** AFFIRMED
**RELEASED AND JOURNALIZED:** December 24, 2025

---

Civil Appeal from the Cuyahoga County Common Pleas Court
Case No. CV-24-109376

---

### *Appearances:*

Mokhtari Law Firm, LLC, and Al A. Mokhtari, *for appellant*.

Weyls Peters + Chuparkoff, LLC, and Joseph P. Dunson, *for appellees* Henderson & Weatherly Co., L.P.A. and Brandon Henderson.

---

MICHELLE J. SHEEHAN, P.J.:

{¶ 1}  Plaintiff-appellant Joseph Rababy appeals from the trial court's dismissal of his declaratory-judgment claim against defendants-appellees Brandon

Henderson and Henderson & Weatherly Co., L.P.A. (the "Firm"). Rababy raises one assignment of error on appeal, arguing that the trial court erred when it granted defendants-appellees' motion to dismiss his declaratory-judgment claim against Henderson and the Firm.

**{¶ 2}** After review, we conclude that the trial court did not err when it dismissed Rababy's claim for declaratory judgment against Henderson and the Firm because Rababy's counsel was a necessary party to the declaratory-judgment action.

## I. Procedural History and Factual Background

**{¶ 3}** Rababy was injured in a car accident in December 2022. He hired an attorney to represent him after the accident. Rababy subsequently filed a complaint against Dianna Fulford, whom he alleged was uninsured and negligently caused the accident; several insurance companies; several medical providers; Henderson; and the Firm.

**{¶ 4}** Rababy asserted in his complaint that his attorney worked at Henderson Mokhtari & Weatherly Co., L.P.A. when Rababy hired him. During the pendency of the representation, however, Rababy's counsel left Henderson Mokhtari & Weatherly Co., L.P.A. Henderson Mokhtari & Weatherly Co., L.P.A. became Henderson & Weatherly Co., L.P.A. Following Rababy's counsel's departure from Henderson Mokhtari & Weatherly Co., L.P.A., Rababy elected to stay with his counsel rather than the Firm.

**{¶ 5}** Rababy alleged in the fourth count of his complaint that Henderson and the Firm "apparently claim a purported attorney charging lien, quantum meruit

and/or other claim in relation to the settlement funds or verdict" that Rababy may obtain in this matter. Rababy further alleged that "[a] real controversy exists as to what amounts are owed to [the Firm] by [him] in this matter." Rababy requested the court to issue "a declaration that Law Firm Claimants have waived, abandoned and forfeited all attorney charging lien, quantum meruit, and other lien claims with respect to [him] and this crash, if such Defendants have not affirmatively asserted, protected and proven such claims."

**{¶ 6}** Henderson and the Firm moved to dismiss Rababy's declaratory-judgment claim against them pursuant to Civ.R. 12(B)(1) and 12(B)(6) and requested sanctions against Rababy's counsel for bringing frivolous claims. Rababy opposed their motion. The trial court granted Henderson and the Firm's motion to dismiss but "decline[d] to award sanctions" at the time of the dismissal.

**{¶ 7}** The trial court issued a judgment entry on March 20, 2025, stating Rababy's claims against Safeco "have been resolved." Rababy subsequently filed a notice of dismissal with prejudice regarding Safeco and a notice of dismissal without prejudice with respect to the remaining defendants and appealed the trial court's judgment dismissing his declaratory-judgment claims against Henderson and the Firm.

## II. Law and Analysis

**{¶ 8}** In Rababy's sole assignment of error, he argues that the trial court erred when it dismissed his declaratory-judgment action against Henderson and the Firm because they are "proper parties" who allege a lien claim against him. Rababy

states that Henderson and the Firm sent a letter to "defense counsel and/or the underlying insurance company of the tortfeasor," stating their intent to assert "an attorney charging lien and [a] quantum meruit claim against any recovery" that he may receive. Rababy maintains that because of that letter, he has the right "to determine the validity and value of such claims" in a declaratory-judgment action.

## A. Standard of Review

{¶ 9} In support of their motion to dismiss, Henderson and the Firm relied on Civ.R. 12(B)(1), lack of subject-matter jurisdiction, and 12(B)(6), failure to state a claim.

{¶ 10} When ruling on a Civ.R. 12(B)(1) motion, the trial court must determine whether a plaintiff has alleged any cause of action that the court has authority to decide. *Rheinhold v. Reichek*, 2014-Ohio-31, ¶ 7 (8th Dist.). Our standard of review on a Civ.R. 12(B)(1) motion to dismiss for lack of subject-matter jurisdiction is de novo. *Id.* "The trial court is not confined to the allegations of the complaint when determining its subject-matter jurisdiction pursuant to a Civ.R. 12(B)(1) motion to dismiss, and it may consider material pertinent to such inquiry without converting the motion into one for summary judgment." *Southgate Dev. Corp. v. Columbia Gas Transm. Corp.*, 48 Ohio St.2d 211 (1976), paragraph one of the syllabus.

{¶ 11} A Civ.R. 12(B)(6) motion to dismiss a complaint for failure to state a claim upon which relief can be granted tests the sufficiency of a complaint. Before a trial court can dismiss a complaint under Civ.R. 12(B)(6), it must appear beyond a

doubt that the plaintiff can prove no set of facts in support of the claim that would entitle him to the relief sought. *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 245 (1975); *LeRoy v. Allen, Yurasek & Merklin*, 2007-Ohio-3608, ¶ 14. "The allegations of the complaint must be taken as true, and those allegations and any reasonable inferences drawn from them must be construed in the nonmoving party's favor." *Antoon v. Cleveland Clinic Found.*, 2015-Ohio-421, ¶ 7 (8th Dist.). We review a trial court's decision to dismiss a complaint pursuant to Civ.R. 12(B)(6) de novo. *Perrysburg Twp. v. Rossford*, 2004-Ohio-4362, ¶ 5.

## B. Declaratory Judgment

{¶ 12} "An action for declaratory judgment provides a means by which parties can eliminate uncertainty regarding their legal rights and obligations." *Mid-American Fire & Cas. Co. v. Heasley*, 2007-Ohio-1248, ¶ 8, citing *Travelers Indemn. Co. v. Cochrane*, 155 Ohio St. 305, 312 (1951). "The purpose of a declaratory judgment action is to dispose of 'uncertain or disputed obligations quickly and conclusively,' and to achieve that end, the declaratory judgment statutes are to be construed 'liberally.'" *Id.*, quoting *Ohio Farmers Indemn. Co. v. Chames*, 170 Ohio St. 209, 213 (1959).

{¶ 13} R.C. 2721.12(A) provides that when a party seeks declaratory relief, "all persons who have or claim any interest that would be affected by the declaration shall be made parties to the action or proceeding." Therefore, "[t]he absence of a necessary party constitutes a jurisdictional defect which precludes a Court of

Common Pleas from properly rendering a declaratory judgment." *Cincinnati v. Whitman*, 44 Ohio St.2d 58 (1975), paragraph one of the syllabus.

{¶ 14} Dismissal of a claim for declaratory relief is appropriate without addressing the merits of the case "if there is (1) neither a justiciable issue nor an actual controversy between the parties requiring speedy relief, or (2) the declaratory judgment will not terminate the uncertainty or controversy." *M6 Motors, Inc. v. Nissan of N. Olmsted, L.L.C.*, 2014-Ohio-2537, ¶ 19 (8th Dist.), citing *Haley v. Bank of Am.*, 2012-Ohio-4824, ¶ 11 (8th Dist.).

{¶ 15} Rababy contends that the trial court erred in dismissing his declaratory-judgment claim against Henderson and the Firm because they are proper parties under the Declaratory Judgment Act and the dispute is justiciable. He further asserts that the trial court had jurisdiction to determine the claim. Rababy alleged in his complaint that following his attorney's departure from the Firm, he terminated any relationship with the Firm and elected to stay with his attorney. Rababy further alleged that Henderson and the Firm assert an attorney charging lien and quantum meruit claim against the settlement funds that he may receive in this case and that he has a right to know what their claim is "for purposes of ensuring [that] any closing statement/settlement distribution is inclusive of all claimed liens, interest and debts" against him.

{¶ 16} Henderson and the Firm argue that the trial court properly dismissed Rababy's claim for declaratory judgment against them because he did not name his attorney in the lawsuit. They assert that "the dispute is really between [Rababy's]

[c]ounsel and [Henderson and the Firm] over attorney fees and unreimbursed case expenses on contingency files transitioned by [Rababy's counsel] to his new law office." They state that Rababy's counsel "obviously has an interest in the outcome of the requested declaratory judgment. In fact, he claims that he has the only legitimate interest in the outcome as he wants all the money." Therefore, they argue that Rababy's counsel is a necessary party to the declaratory-judgment claim.

{¶ 17} We agree with Henderson and the Firm that Rababy's counsel is a necessary party to the declaratory-judgment action. The trial court could not determine what Rababy must pay Henderson and the Firm without also knowing what portion of the settlement funds that Rababy's counsel is entitled to receive. Rababy's counsel, Henderson, and the Firm all have an interest in any declaration the trial court would make regarding the amount of attorney fees that Rababy owes each of them from the settlement funds in the case.

{¶ 18} However, while a trial court does not have jurisdiction to declare rights between persons when everyone who has an interest in the declaration is not named in the lawsuit, that does not mean the case must be dismissed. The Ohio Supreme Court has held, "In an action for declaratory judgment in which it becomes apparent that not all interested persons have been made parties, the party seeking relief may join the absent party by amending its pleading in accordance with Civ.R. 15." *Plumbers & Steamfitters Local Union 83 v. Union Local School Dist. Bd. of Edn.*, 86 Ohio St.3d 318 (1999), syllabus. The Court explained that while "R.C. 2721.12 provides the substantive requirement that all interested persons be

made parties," that does not mean that it "purport[s] to govern the procedural method by which this is accomplished, and it certainly does not limit parties to their initial pleadings." *Id*. at 322.

{¶ 19} But in this case, Rababy did not move to amend his complaint after Henderson and the Firm filed its motion to dismiss. Moreover, in his brief in opposition to Henderson and the Firm's motion, Rababy did not argue that he should be permitted to amend his complaint. Instead, Rababy countered that Henderson and the Firm were the only parties necessary to determine the amount of attorney fees they are entitled to from any recovery that he receives.

{¶ 20} Rababy filed his complaint on December 6, 2024. Henderson and the Firm moved to dismiss on January 14, 2025. Rababy had until January 23, 2025, to amend his pleading "as a matter of course." Civ.R. 15(A). After January 14, 2025, he could have sought written consent from Henderson and the Firm or leave from the court to amend his pleading. *Id*. Even if Henderson and the Firm refused to give consent, Civ.R. 15(A) provides that leave to file an amended pleading "shall be freely given when justice so requires." Instead, Rababy filed his brief in opposition on January 29, 2025, without arguing that he should be permitted to amend his complaint.

{¶ 21} Henderson and the Firm, as Rababy's previous attorneys, are presumably entitled to the value of their services rendered up to the point when Rababy discharged them from representing him. Rababy's new counsel is also presumably entitled to attorney fees from at least the time he represented Rababy

after he left the Firm.  Thus, Rababy's new counsel is a party who has a claim or interest in any declaration of rights or obligations made by the trial court between Rababy and any counsel seeking compensation from any recovery in the case. Therefore, Rababy should have moved to amend his complaint once Henderson and the Firm filed their motion to dismiss.  Because he did not do so, we affirm the trial court's dismissal of Rababy's claim against Henderson and the Firm.

**{¶ 22}** Judgment affirmed.

It is ordered that appellees recover from appellant the costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MICHELLE J. SHEEHAN, PRESIDING JUDGE

EILEEN T. GALLAGHER, J., and
SEAN C. GALLAGHER, J., CONCUR