BRETTON RIDGE HOMEOWNERS CLUB,
APPELLEE, *v.* DEANGELIS ET AL.,
APPELLANTS.

(No. 53904—Decided
July 6, 1988.)

*Gareau & Dubelko* and *James M. Dubelko,* for appellee.

*Mark H. Knevel,* for appellants.

J. V. CORRIGAN, J. In an earlier case, appellee, Bretton Ridge Homeowners Club, brought suit against appellant, Anthony F. DeAngelis, and other owners of land in Bretton Ridge subdivision, in an action in Rocky River Municipal Court. Summary judgment was granted for appellants. Appellee appealed on the merits and on jurisdictional grounds and this court held that the trial court lacked subject matter jurisdiction and remanded with an order to dismiss.[1]

Appellee later filed a complaint for declaratory judgment in common pleas court against appellants (approximately two dozen owners of the five hundred eight homes in Bretton Ridge subdivision). Appellants filed a motion to dismiss for failure to join all necessary parties as required under the declaratory judgment statute (R.C. 2721.12). A motion to strike the motion to dismiss was granted.

The complaint for declaratory judgment requested that the court determine whether membership in the club was mandatory (*i.e.*, automatic upon ownership of a home within the subdivision bound by the restrictive covenant that established the non-profit club that ran a recreational facility for members), and whether certain amendments to the covenant were properly adopted and binding. It also asked for judgment against appellants for past assessments.

Each side filed a motion for summary judgment. Both were denied. A bench trial was conducted and additional documentation was ordered. The trial judge concluded that payment of dues was mandatory and upheld all the amendments except those that attempted to deny membership for failure to pay dues or attempted to create a lien against those who had not paid.

Appellants raise the following assignments of error on appeal:

"I

"The trial court erred in denying defendants' motion to dismiss plaintiff's complaint for declaratory judgment where plaintiff failed to comply with the jurisdictional requirements of Ohio Revised Code Section 2721.12 in not joining 'all persons * * * who have

---

[1] *Bretton Ridge Homeowners Club* v. *DeAngelis* (1985), 22 Ohio App. 3d 65, 22 OBR 162, 488 N.E. 2d 925.

or claim any interest which would be affected by the declaration.'

"II

"The trial court erred in modifying the restrictive covenants and in affirming them as modified, where the amendments were adopted without the unanimous consent of all owners of real estate subject to the restrictions.

"III

"The trial court erred in its determination that assessments were mandatory and that the court failed to apply the law as it relates to [a] restrictive covenant which [the] law requires it to strictly construe * * * against limitations and resolve all doubts against an increase in restrictions.

"IV

"The trial court erred in admitting irrelevant documentary evidence and ignoring expert testimony supported by documents recorded with the Cuyahoga County Recorder's office in declaring Bretton Ridge Subdivision 4A to be bound by the restrictive covenant."

Assignment of Error No. I is well-taken.

I

In 1964, Saul Biskind deeded to the club several acres of land which, according to the restrictive covenants that bind this property and all property within the subdivision, were to be used as a park for the owners of land in the subdivision. He created the club, whose membership, use and payment of dues were controlled by the covenants. Before the trial court, appellants contended that payment of dues was voluntary and that owners of land in subdivision 4A are not bound. Appellee contended that owners of land in subdivisions 1, 2, 3, 4, 4A and 5 are automatically members and must pay dues.

Five amendments were at issue. Amendment 1 conditioned an owner's membership on timely payment of his or her pro rata share of assessments for operating expenses. Amendment 2 revoked voting privileges of members who failed to pay their share of the annual assessment. Amendment 3 provided that each member's pro rata share of annual expenses could be increased to an amount greater than $50 upon the vote of a majority of the members present at a meeting attended by a majority of the members who are in good standing. Amendment 4 created three classes of membership and established different pro rata shares of assessments based on age and the extent to which the facilities were used. Amendment 5 stated members could not exempt themselves from payment by not using the facilities and that the club could place a lien against the property of members who fail to pay their pro rata share of the annual assessment for operating expenses.

Appellants moved to dismiss the complaint. The motion was stricken and thus denied. On appeal appellants contend that the appellee's declaratory judgment is void for failure to join not only the approximately two hundred other owners who failed to pay, but all five hundred eight owners of property bound by the covenant.

Appellee contends that joinder is not required by R.C. 2721.12 because the other owners are merely "practically affected" and are not legally affected. See *Driscoll* v. *Austintown Associates* (1975), 42 Ohio St. 2d 263, 273, 71 O.O. 2d 247, 252, 328 N.E. 2d 395, 402. "When declaratory relief is sought, all persons shall be made parties who have or claim any interest which would be affected by the declaration." R.C. 2721.12. *Driscoll* held that owners of property were not necessary parties to a declaratory

judgment action challenging the constitutionality of an ordinance as it applied to a *specific* parcel. *Driscoll* did not further explain its conclusion that the other owners merely had a practical interest. Presumably the other owners' interest was in the *hypothetical* effect the decision could have on their property. They were not shown to have the same circumstances as the owner who was already a party.

However, here all five hundred eight owners were bound by the restrictive covenants and had a legal interest in the litigation that would determine their rights and liabilities. The trial court concluded that the failure to pay results in a loss of privileges but not a removal of the obligation to pay. Although judgment was entered against twenty-six people, the conclusions of law and judgment concerning the duty to pay and the amendments related to all owners of property within subdivisions 1, 2, 3, 4, 4A and 5. The owners who were not parties to the suit had a legal interest that would be affected, and should have been parties in this suit which, though not *res judicata,* is precedent on the issues involved.

The other rationale for requiring joinder is that the issues should be settled now and not piecemeal in numerous cases. Enforcing the statute ensures that all parties will have their interests protected and there will be no ongoing controversies. The court lacked jurisdiction to render a declaratory judgment.

The absence of a necessary party is a jurisdictional defect and a declaratory judgment is precluded. *Cincinnati* v. *Whitman* (1975), 44 Ohio St. 2d 58, 59, 73 O.O. 2d 283, 284, 337 N.E. 2d 773, 774. Other issues are moot, *id.* at 61, 73 O.O. 2d at 285, 337 N.E. 2d at 775, including the merits, see *Jenkins* v. *Keller* (1966), 6 Ohio St.

2d 122, 35 O.O. 2d 147, 216 N.E. 2d 379.

Appellee contends that even if joinder were required the appellants failed to move for joinder and waived the defense. Although Civ. R. 57 states that the procedure for obtaining a declaratory judgment is in accordance with the Civil Rules, Civ. R. 19, 12(G) and 12(H) are not applicable. A special statutory provision that is jurisdictional is substantive law and cannot be abridged, enlarged or modified by the Civil Rules. *Malloy* v. *Westlake* (1977), 52 Ohio St. 2d 103, 104-105, 6 O.O. 3d 329, 330, 370 N.E. 2d 457, 458. The declaratory judgment statute is jurisdictional. *Id.* at 106, 6 O.O. 3d at 330, 370 N.E. 2d at 459. The defense of failure to join a party in a declaratory judgment action cannot be waived. *Gannon* v. *Perk* (1976), 46 Ohio St. 2d 301, 310, 75 O.O. 2d 358, 363-364, 348 N.E. 2d 342, 348. A lack of subject matter jurisdiction may be raised for the first time on appeal, *Jenkins, supra,* at 126, 35 O.O. 2d at 149, 216 N.E. 2d at 382, and a motion was not necessary.

The declaratory judgment is void. The complaint should have been dismissed. *Whitman, supra.* The decision of the trial court is reversed and the motion to dismiss is granted.

*Judgment reversed.*

NAHRA, C.J., and KRUPANSKY, J., concur.