[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
On March 10, 2000, plaintiff-appellant P. Douglas Oppenheimer filed a complaint against the Madeira, Ohio, Planning Commission in the Hamilton County Court of Common Pleas. An amended complaint was filed on April 25, 2000. Oppenheimer's prayer for relief asked for "an injunction compelling the City of Madeira, Ohio, Planning Commission to comply with the provisions of O.R.C. § 121.22 by declaring the resolution attached as exhibit G as invalid," and for "an Order Declaring the ordinance attached to the original complaint as exhibit G as invalid." Exhibit G of Oppenheimer's complaint was a copy of the Madeira, Ohio, Planning Commission's resolution dated January 17, 2000, that approved a use variance for property owned by David and Patricia Montagno. Oppenheimer also requested reasonable attorney fees and costs, as well as a civil forfeiture of $500 from the planning commission. On March 17, 2000, the city filed a motion to dismiss for, among other things, Oppenheimer's failure to join the Montagnos. On April 18, 2000, Oppenheimer responded to the motion to dismiss and filed his own motion for summary judgment. Oppenheimer argued, in part, that joinder of the Montagnos was not required, as he was not asking that the trial court overturn the use variance, but instead, that the court declare that "the Sunshine Law and Charter provisions requiring notice were violated thereby requiring the Court to declare the ordinance granting the variance a nullity and invalid." After a hearing, on May 23, 2000, the trial court granted the city's motion to dismiss because Oppenheimer lacked standing and because he had failed to avail himself of adequate remedies at law to contest the planning commission's final order. The court also overruled Oppenheimer's motion for summary judgment.
In this appeal, Oppenheimer raises three assignments of error. He contends that the trial court erred in finding that he lacked standing to prosecute a claim for a violation of R.C. 121.22, that he had not availed himself of other legal remedies, and that he was not entitled to summary judgment.
Oppenheimer's complaints on their face establish that the Montagnos had a legal interest that would have been affected had the trial court granted the requested relief. As the landowners who applied for and were granted the use variance by the planning commission, the Montagnos were necessary parties to an action asking that the ordinance granting them the variance be declared invalid. "No declaration shall prejudice the rights of persons not parties to the proceeding." Shoemaker v. Piqua
(Oct. 13, 2000), Miami App. No. 00CA32, 37, unreported. The Ohio Supreme Court has held that "[i]n an action for declaratory judgment in which it becomes apparent that not all interested persons have been made parties, the party seeking relief may join the absent party by amending its pleading in accordance with Civ.R. 15." Plumbers Steamfitters LocalUnion 83 v. Union Local School Dist. Bd. of Education (1999),86 Ohio St.3d 318, 323, 715 N.E.2d 127, 130. Oppenheimer did not join the Montagnos in either of the complaints and has never asked for leave to file an amended complaint to join them. As the absence of a necessary party is a jurisdictional defect precluding the entry of a declaratory judgment, all other issues, including the validity of the challenged ordinance, become moot. See Bretton Ridge Homeowners Club v. DeAngelis
(1988), 51 Ohio App.3d 183, 185, 555 N.E.2d 663, 666, citing Cincinnativ. Whitman (1975), 44 Ohio St.2d 58, 59, 337 N.E.2d 773, 775. Because dismissal of Oppenheimer's complaints properly resulted from the failure to join necessary parties, we need not address the trial court's reasons for the dismissal, which may also have been proper.
Accordingly, we affirm the trial court's judgment.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Gorman, P.J., Painter and Winkler, JJ.