JOURNAL ENTRY and OPINION
{¶ 1} Defendant-appellant Hilroc Condominium Unit Owners Association ("Hilroc") appeals both the trial court's issuing a permanent injunction, preventing Hilroc from assessing costs against Janis Cerio and several other plaintiffs-appellees (collectively, the "Cerio Group") for any balcony repairs, and the court's declaration that balconies are "limited common areas." We find merit to this appeal and reverse and remand to the trial court.
 {¶ 2} The instant action arises from Hilroc's assessment imposed on all its members for balcony repairs, including those unit owners without balconies. Hilroc consists of a total of 102 residential condominium units, 55 with balconies, 6 with patios, and 41 with neither balconies nor patios. The Cerio Group includes 31 individual plaintiffs with property interests in 21 units, which have neither balconies nor patios.
 {¶ 3} On April 29, 2002, the Cerio Group filed its declaratory complaint, seeking a declaratory judgment that the balconies affixed to some, but less than all of the units, constituted a "limited common area" and, therefore, the responsibility for the maintenance and repair of the balcony rested solely with the individual unit owner, as opposed to "common areas," which must be maintained and repaired at the expense of all condominium unit owners. The complaint also alleged that Hilroc breached its fiduciary duty by acting solely in the interests of those unit owners with balconies. The Cerio Group also sought a temporary restraining order to prevent Hilroc from placing any liens against the Cerio Group for its refusal to pay the balcony repair assessment.
 {¶ 4} On May 3, 2002, a hearing was held on the motion for temporary restraining order, and the parties agreed that no liens would be placed on the property prior to May 11, 2002. Subsequently, the court held a hearing on the motion for preliminary injunction on June 7, 2002, and issued an order enjoining Hilroc from imposing any liens upon the Cerio Group's property or from pursuing any other remedy with respect to the dispute over assessment and payment for balcony repairs.
 {¶ 5} The trial court granted Hilroc leave to file a motion to dismiss for failure to join an indispensable party, and allowed the parties to submit briefs on the declaratory judgment and the permanent injunction.
 {¶ 6} On April 14, 2003, the trial court issued its opinion, finding in favor of the Cerio Group. The court declared the balconies to be "limited common areas" and permanently enjoined Hilroc from placing any liens on the property or pursuing any other remedy with respect to the collection of the assessment for the balcony repairs. Additionally, the court denied Hilroc's motion to dismiss.
 {¶ 7} On July 28, 2003, the court granted Hilroc's motion to certify its decision as an interlocutory order and amended its opinion with the notation "no just reason for delay," allowing this interlocutory appeal to proceed.
 {¶ 8} Hilroc raises two assignments of error on appeal. Because we find the second assignment of error dispositive, we shall address it first.
 Joinder of Necessary Parties {¶ 9} Hilroc contends that the trial court erred by failing to require the joinder of each individual condominium unit owner to the action. Specifically, Hilroc argues that any declaration by the court affects every unit owner and, therefore, each unit owner should have been made a party to the action. We agree.
 {¶ 10} R.C. 2721.12 governs the inclusion of parties for declaratory actions. It provides that "all persons who have or claim any interest that would be affected by the declaration shall be made parties to the action or proceeding." R.C.2721.12(A). The absence of a necessary party is a jurisdictional defect that precludes any declaratory judgment. Bretton RidgeHomeowners Club v. Deangelis (1988), 51 Ohio App.3d 183, 185, citing, Cincinnati v. Whitman (1975), 44 Ohio St.2d 58, 59. Thus, failure to join necessary parties renders any declaration by the court void. Id. See, also, Walter v. Romerock Assn.
(Mar. 10, 1995), Ashtabula App. No. 94-A-0019 (upholding trial court's dismissal of complaint for failure to join necessary parties in declaratory action).
In Bretton Ridge, supra, this court examined R.C. 2721.12
with respect to a declaratory action filed by a homeowners association against some of the homeowners in the subdivision. The association sought a declaration that membership in the association was mandatory and that certain amendments to the association's recorded covenants and restrictions were valid. Id. at 183. Because the association failed to name all of the homeowners of the subdivision as parties to the suit, this court found that the trial court lacked jurisdiction to award a declaratory judgment. Id. at 185. In reaching its conclusion, this court reasoned that because all 508 homeowners were bound by the restrictive covenants and had a legal interest in the litigation, R.C. 2721.12 mandated their inclusion in the declaratory action. Id. Specifically, the court recognized that the decision of the trial court, though not res judicata to any future claims of the non-party homeowners, would nonetheless serve as precedent on the issues involved. Likewise, the failure to join all homeowners would result in piecemeal decisions in numerous cases. Id.
 {¶ 11} The trial court found Bretton Ridge distinguishable on the basis that the plaintiff homeowners association sought a declaration of the rights of all homeowners, even those not named as parties, while the Cerio Group sought a declaration of only their own rights. We find this distinction meritless. The mere fact that the trial court does not make an express declaration of the rights of those unit owners not named does not render R.C.2721.12 inapplicable. Rather, because a declaration of the Cerio Group's rights affects the legal interests and claims of those unit owners not named, R.C. 2721.12 requires their inclusion in the action.
 {¶ 12} Here, the unit owners with balconies are now individually responsible for the cost of the repair and maintenance of the balconies, whereas the cost was previously to be shared by the entire association. Thus, such owners face liability for the higher costs, even though they were not individually represented in the instant case.[1] Because these unit owners were not named, each unit owner may initiate a separate lawsuit against Hilroc for the additional, higher costs each owner will now incur for balcony repairs. Similarly, unit owners without balconies may initiate their own action to achieve the same result as the Cerio Group. R.C. 2721.12 seeks to avoid such a result, i.e., the possibility of piecemeal litigation and inconsistent results.
 {¶ 13} Without citing any authority, the Cerio Group contends that Hilroc has no standing to assert that the trial court failed to join necessary parties and, in the alternative, the trial court's failure to join all unit owners was harmless. These arguments lack merit. R.C. 2721.12 governs jurisdiction, which any party may challenge. Further, because all necessary parties were not named, the trial court was without jurisdiction to award declaratory judgment, and such judgment is void. See, BrettonRidge, supra. We cannot say that a void judgment is harmless.
 {¶ 14} Accordingly, the second assignment of error is well taken. We hold that the declaratory judgment is void, and the complaint should be dismissed unless all necessary parties are joined. Further, we find that the first assignment of error is moot.[2]
 {¶ 15} The judgment is reversed and the case is remanded.
Corrigan, A.J., and Rocco, J., concur.
It is, therefore, considered that said appellant recover of said appellees the costs herein.
It is ordered that a special mandate be sent to the Cuyahoga County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
[1] We reject the Cerio Group's argument that all unit owners other than the plaintiffs were represented by Hilroc. This is simply not true because Hilroc is a separate entity, and we cannot presume that the interests of Hilroc are the same as all the unit owners, especially those unit owners without balconies. Furthermore, the clear requirements of R.C. 2721.12 require joinder.
[2] The first assignment of error challenges the trial court's determination that the balconies are "limited common areas."