[Cite as *Binder v. Cuyahoga Cty.*, 2016-Ohio-8305.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 104399**

---

# RICHARD BINDER, ET AL.

### PLAINTIFFS-APPELLANTS

vs.

# CUYAHOGA COUNTY

### DEFENDANT-APPELLEE

---

## JUDGMENT:
## REVERSED AND REMANDED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-15-851760

**BEFORE:** E.T. Gallagher, J., Jones, A.J., and Kilbane, J.

**RELEASED AND JOURNALIZED:** December 22, 2016

**ATTORNEYS FOR APPELLANTS**

Joshua R. Cohen
Ellen M. Kramer
Cohen, Rosenthal & Kramer
Hoyt Block Building, Suite 400
700 West St. Clair Avenue
Cleveland, Ohio 44113

Kevin T. Roberts
The Roberts Law Firm
7622 Columbia Road
Olmsted Falls, Ohio 44138


**ATTORNEYS FOR APPELLEE**

Robert Triozzi
Law Director
Cuyahoga County

BY:    Ruchi V. Asher
          Robin M. Wilson
Assistant Law Directors
2079 East Ninth Street
Cleveland, Ohio 44115

Timothy J. McGinty
Cuyahoga County Prosecutor

BY:    Brian R. Gutkoski
Assistant Prosecuting Attorney
The Justice Center, 8th Floor
1200 Ontario Street
Cleveland, Ohio 44113

EILEEN T. GALLAGHER, J.:

{¶1} Plaintiffs-appellants, Richard Binder, Louis Bucci, Dorniece Darson, Byron Chavers, Lisa Evans, Jane George, Tamara Mazina, Joseph Pina, Gail Ward, Sarah Watkins, and Pamela Whately (collectively "appellants"), [1] appeal an order of the common pleas court dismissing their amended complaint for failure to state a claim. They raise two assignments of error:

> 1. The trial court erred in dismissing the plaintiff-appellants' claims based on a factual finding contrary to the allegations contained in the amended complaint.
>
> 2. The trial court erred in granting dismissal under Civ.R. 12(B)(6) and holding as a matter of law that the plaintiff-appellants' claims failed to state a viable basis for relief.

{¶2} We find merit to the appeal, reverse the trial court's judgment, and remand the case to the trial court for further proceedings

### I. Facts and Procedural History

{¶3} In November 2009, the citizens of Cuyahoga County voted to adopt a Charter that became effective in early 2010. Prior to the Charter's adoption, voters elected the

---

[1] At oral argument, the parties were notified that a current member of the Cuyahoga County Council is related to a panel judge. The panel judge disclosed, pursuant to Ohio Code of Judicial Conduct Rule 2.11(C), her relationship with the Council member and stated that she could perform an independent, fair, and impartial review of the legal issues presented in this case. Counsel for the appellants and the appellees each indicated that they waived disqualification and had no objection to the panel member's participation in the proceeding.

Cuyahoga County Auditor, Recorder, Treasurer, and Clerk of Courts. Employees in these offices received annual salaries based on a 35-hour work week, but were not compensated for their daily one-hour lunch period. When appellants worked under the formerly elected public officials, they were permitted to take their lunch at the end of the day instead of the middle of the day so they could leave work at 3:30 p.m. instead of 4:30 p.m.

{¶4} In 2011, the new county government decided to officially change the county employees' schedules to require a 40-hour work week that included a lunch hour. The employees were not required to work during the lunch hour, but were now required to stay at work until 4:30 p.m. The county did not increase appellants' salaries to reflect any increase in working hours. Consequently, appellants filed a complaint against appellee, Cuyahoga County, in common pleas court, claiming they should be compensated for the additional five hours added to their work week. Appellants alleged that by increasing their work week by five hours, the county reduced their hourly rate of compensation by 12.3 percent. Appellants further alleged this reduction in hourly rate violated R.C. Chapter 124, Ohio Civil Service Statute, which prohibits pay reductions without cause.

{¶5} In Count 1 of the complaint, appellants requested a declaratory judgment declaring that "the County's Charter did not authorize it to increase employees' workweeks from 35 to 40 hours since it did not concomitantly increase their compensation to prevent a decrease in their hourly rates." In Count 2, appellants

requested pecuniary relief related to "lost pay and loss of benefits" under R.C. 124.34 due to the increase in working hours without an increase in pay, resulting in an unlawful reduction in their rate of compensation. Appellants also sought class certification in order to prosecute the claims of approximately 927 employees, who were allegedly affected by the change in their schedules.

{¶6} The county filed a motion to dismiss, or in the alternative, to stay or consolidate this action with another pending action styled *Dolezal v. Cuyahoga Cty*., Cuyahoga C.P. No. 13-CV-801116. The plaintiffs in *Dolezal* brought the same claims for alleged unlawful reduction in rate of pay as a result of the change in the hours of the official work week. The plaintiffs in *Dolezal* also sought class certification in order to prosecute the claims on behalf of all similarly situated county employees.

{¶7} In April 2016, the trial court in this case granted the county's motion to dismiss. In dismissing appellants' complaint, the court found "that the change in lunch break policy was not an increase in the work week from 35 to 40 hours or a reduction in pay."

{¶8} Appellants now appeal the dismissal of their complaint.

## II. Law and Analysis

{¶9} As a preliminary matter, we address the county's assertion that we lack jurisdiction to hear this appeal. The county maintains the trial court lacked jurisdiction to hear appellants' claims because appellants failed to exhaust their administrative remedies and failed to name all the parties necessary to obtain a declaratory judgment.

**{¶10}** However, the county failed to raise the failure to exhaust administrative remedies argument in the trial court. Therefore, the argument is forfeited on appeal. *See Dworning v. Euclid*, 119 Ohio St.3d 83, 2008-Ohio-3318, 892 N.E.2d 420, ¶ 11 (Failure to exhaust administrative remedies is not a jurisdictional defect; it is an affirmative defense that may be waived.); *See also Jones v. Chagrin Falls*, 77 Ohio St.3d 456, 674 N.E.2d 1388 (1997), syllabus. Therefore, because the county failed to raise appellants' failure to exhaust their administrative remedies as a defense in the trial court, it forfeited that argument on appeal.

**{¶11}** R.C. 2721.12(A), which governs declaratory judgments, provides, in relevant part, that "when declaratory relief is sought under this chapter in an action or proceeding, all persons who have or claim any interest that would be affected by the declaration shall be made parties to the action or proceeding." "A party's failure to join an interested and necessary party constitutes a jurisdictional defect that precludes the court from rendering a declaratory judgment." *Portage Cty. Bd. of Commrs. v. Akron*, 109 Ohio St.3d 106, 2006-Ohio-954, 846 N.E.2d 478, ¶ 99, citing *Plumbers & Steamfitters Local Union 83 v. Union Local School Dist. Bd. of Edn.*, 86 Ohio St.3d 318, 323,715 N.E.2d 127 (1999). *See also Bretton Ridge Homeowners Club v. DeAngelis*, 51 Ohio App.3d 183, 555 N.E.2d 663 (8th Dist.1988); *Cerio v. Hilroc Condo. Unitowners Assn.*, 8th Dist. Cuyahoga No. 83309, 2004-Ohio-1254, ¶ 10.

**{¶12}** Whether a nonparty is a necessary party in an action for declaratory relief depends on whether that nonparty "has a legally protectable interest in rights that are the

subject matter of the action." *Rumpke Sanitary Landfill, Inc. v. Ohio*, 128 Ohio St.3d 41, 2010-Ohio-6037, 941 N.E.2d 1161, ¶ 15. A "legally protectable interest" is "'[a]n interest recognized by law.'" *Id.*, quoting *Black's Law Dictionary* 886 (9th Ed.2009).

{¶13} Appellants are members of the civil services, which R.C. 124.01 defines, in relevant part, as "all * * * positions of * * * employment * * * in the service of the counties." R.C. 124.34 provides, in relevant part, that

> No * * * employee shall be reduced in pay or position, fined, suspended, or removed, or have the officer's or employee's longevity reduced or eliminated, except as provided in section 124.32 of the Revised Code, and for incompetency, inefficiency, unsatisfactory performance, dishonesty, drunkenness, immoral conduct, insubordination, discourteous treatment of the public, neglect of duty, violation of any policy or work rule of the officer's or employee's appointing authority, violation of this chapter or the rules of the director of administrative services or the commission, any other failure of good behavior, any other acts of misfeasance, malfeasance, or nonfeasance in office, or conviction of a felony while employed in the civil service.

Thus, appellants and their unnamed coworkers have a legally protectable interest in their rate of pay and in this litigation. As previously stated, "[t]he absence of a necessary party is a jurisdictional defect that precludes any declaratory judgment." *Hilroc Condo. Unitowners Assn.*, 8th Dist. Cuyahoga No. 83309, 2004-Ohio-1254, ¶ 10. Therefore, the trial court lacked authority to determine the ultimate issue in the case, i.e., whether the change in appellants' work schedules constituted a change in their rate of pay, since not all affected parties were joined in the action when the court rendered its judgment.

{¶14} Although appellants did not name all county employees who have a legally protected interest in their rate of pay as plaintiffs in this action, appellant's complaint

seeks class certification to litigate claims on behalf of all affected employees. R.C. 2721.12 mandates the joinder of necessary parties in order to avoid the possibility of piecemeal litigation and inconsistent results. Class certification would achieve these objectives. Thus, appellants' complaint satisfies the requirements of R.C. 2721.12, unless and until class certification is denied.

{¶15} Additionally, we note that in the county's motion to dismiss, it requested, in the alternative, that this case be consolidated with *Dolezal*, Cuyahoga C.P. No. 13-CV-801116, in lieu of dismissal. It has been represented that the plaintiffs' claims in *Dolezal* are identical to the claims alleged in the complaint in this case, including the claim for class certification. If that is the case, then the two cases must be consolidated into a single action in order to join all necessary parties.

{¶16} Therefore, we reverse the trial court's judgment and remand the case to the trial court to consider both appellants' claim for class certification and the county's request to consolidate this case with *Dolezal*.

It is ordered that appellants recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

EILEEN T. GALLAGHER, JUDGE

LARRY A. JONES, SR., A.J., and
MARY EILEEN KILBANE, J., CONCUR