[Cite as *Du v. Nottingham Gate Estates HOA, Inc.*, 2024-Ohio-6090.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| | |
|---|---|
| SHIRONG DU, et al. | C.A. No. 31011 |
| Appellants | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| NOTTINGHAM GATE ESTATES HOA, INC., et al. | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO CASE No. CV-2020-08-2164 |
| Appellees | |

DECISION AND JOURNAL ENTRY

Dated: December 31, 2024

FLAGG LANZINGER, Judge.

**{¶1}** Shirong Du and Shasha Tang (collectively, "Homeowners") appeal from the judgment of the Summit County Court of Common Pleas. For the following reasons, this Court reverses.

I.

**{¶2}** The issue in this appeal is whether certain recorded plats reflect an express easement for a hike and bike trail on Homeowners' residential property. In January 2019, Homeowners purchased Sublot 15 (a vacant lot) in Nottingham Gate Estates, a subdivision in Hudson, Ohio. Homeowners built a home on the vacant lot, which was completed in November 2019.

**{¶3}** According to the record below, Du was aware of an unpaved trail on the south side of Sublot 15 (the "Hike & Bike Trail") at the time he purchased Sublot 15. A white fence separates the Hike & Bike Trail from the remainder of Sublot 15. The record indicates that Du believed the

Hike & Bike Trail was his private property, and that anyone seeking to use it needed his express permission to do so.

{¶4}    A dispute arose among Homeowners and several board members of the Nottingham Gate Estates HOA as to whether an easement existed on Sublot 15 that allowed members of the HOA and the public to use the Hike & Bike Trail.  This dispute culminated in the underlying lawsuit.

{¶5}    In 2020, Homeowners sued Nottingham Gate Estates HOA, Inc. and several of its members and board members (individually and collectively, the "HOA").  Homeowners asserted claims for: (1) breach of contract; (2) breach of fiduciary duty; (3) negligence and wanton conduct; (4) trespass; and (5) declaratory judgment.  Regarding the latter, Homeowners sought a declaration that:

> any use by the HOA, Board Members, members of the general public or other third parties of the (non-existent) Hike and Bike Trail on [Homeowners'] property, whether for recreational use, repair, widening, expansion or otherwise, is unlawful and in violation of the rights of [Homeowners].

{¶6}    The matter ultimately proceeded to a bench trial before a magistrate on Homeowners' claim for declaratory judgment only.  The magistrate issued a decision in favor of the HOA, and Homeowners filed objections.  The trial court overruled Homeowners' objections and entered judgment in favor of the HOA.

{¶7}    Homeowners attempted to appeal the trial court's decision to this Court.  This Court dismissed the attempted appeal for lack of jurisdiction because all claims had yet to be resolved between the parties.  Homeowners then moved the trial court to voluntarily dismiss their remaining claims. The trial court granted Homeowners' motion, and Homeowners filed the instant appeal. The matter is now properly before this Court.

{¶8}  This Court will begin with a discussion of the documents relevant to the disposition of this appeal, followed by a summary of the proceedings below.

## 2019 Deed

{¶9}  In 2019, Homeowners purchased vacant residential land in Hudson, Ohio. The general warranty deed conveying the land lists the address as 5555 Abbyshire Drive, Hudson, Ohio 44236.  The deed describes the real property as:

> Lot No. 15 in Nottingham Gates Estates, Phase IV, as recorded in Plat 55132143, of Summit County Records, and replatted as Plat 55315277 [as Phase IV and Phase V] of Summit County Records.

## The 2004 & 2006 Plats

{¶10}  As noted, the deed expressly references two plats for Nottingham Gate Estates: (1) Plat 55132143, which was recorded with the Summit County Fiscal Office in 2004 ("2004 Plat"); and (2) Plat 55315277, which was a re-plat recorded with the Summit County Fiscal Office in 2006 ("2006 Plat") (collectively, the "Plats").  The Plats contain vicinity maps that depict the Nottingham Gate Estates subdivision shaded in black.  A "Bike & Hike Trail" is noted on the Plats.

{¶11}  Note 2 of the Plats provides that:

> All proposed retention basins, *the Hike and Bike Trail in Block "D" and Sublot 15*, and the relocated stream, in the rear of Sublots 1 through 7, *will be privately owned and maintained by the Home Owners Association.*

(Capitalization omitted and emphasis added.)  The Plats also indicate that "the Declaration of Covenants, Restrictions, and Easements [the "Declaration"] recorded for Nottingham Gate Estates Phase I apply to this subdivision."  (Capitalization omitted.)

**The Declaration**

{¶12}  Article IV of the Declaration addresses "Property Rights in Common Facilities[.]" According to the testimony of the Vice President of the HOA, the "Bike and hike is a common facility."  Article IV, Section 1 provides:

> The Developer shall retain the legal title in the Common Facilities until such time as it has completed any improvements thereon and until such time as, in the opinion of the Developer, the Association is able to maintain the same, but notwithstanding any other provision herein, the *Developer hereby covenants for itself and it[s] successors and assigns that it shall convey the Common Facilities and real property related thereto to the Association at such time all improvements are installed.*

> The Developer shall have the duty to maintain all Common Facilities until such time as they have been completed and paid for in full and the responsibility to maintain the same has been transferred to the Association. Thereafter, it shall be the duty of the Association to pay the expenses of operating and maintaining the Common Facilities.

(Emphasis added.)  Homeowners assert that the above language reflects the process by which the developer of Nottingham Gate Estates could have conveyed the Hike & Bike Trail on Sublot 15 to the HOA, but did not.  Homeowners assert that the developer instead conveyed the entire Sublot 15 (i.e., with no easement for the Hike & Bike Trail) to the prior owners of Sublot 15, who then conveyed the entire Sublot 15 to Homeowners.

**The Bench Trial**

{¶13}  The magistrate held a bench trial on Homeowners' claim for declaratory judgment only.  The testimony indicated that the City of Hudson (the "City") instructed the developer of Nottingham Gate Estates to install the Hike & Bike Trail on Sublot 15 as part of the City's connectivity plan. The Hike & Bike Trail on Sublot 15 connects to the Summit County Bike and Hike Trail (the "County Trail").  The  testimony indicated that neither the City, nor the HOA, claims any ownership of the Hike & Bike Trail on Sublot 15.  Instead, according to the testimony

of board members of the HOA, Note 2 reflects as easement that allows HOA members and the public to use the Hike & Bike Trail on Sublot 15 to connect to the County Trail.

### The Magistrate's Decision

{¶14} The magistrate concluded that Note 2 reflects an express easement for the Hike & Bike Trail on Sublot 15. In doing so, the magistrate relied upon the following language from Note 2 of the Plats:

> All proposed retention basins, *the Hike and Bike Trail in Block "D" and Sublot 15*, and the relocated stream, in the rear of Sublots 1 through 7, *will be privately owned and maintained by the Home Owners Association.*

(Capitalization omitted and emphasis added.) The magistrate then cited case law for the proposition that an express easement must meet the requirements of R.C. 5301.01. The magistrate also cited case law for the proposition that a recorded plat becomes part of the legal description of the conveyed land, which provides constructive notice of any easements reflected within the plat.

{¶15} The magistrate reasoned that the Plats met the statutory requirements of R.C. 5301.01, providing Homeowners with constructive notice of the alleged easement. As a result, the magistrate recommended that the trial court render a declaratory judgment in favor of the HOA, declaring that an easement existed for the Hike & Bike Trail on Sublot 15.

### Homeowners' Objections

{¶16} Homeowners filed lengthy objections to the magistrate's decision. Homeowners' objections included arguments that: (1) Note 2 refers to the HOA's ownership of the Hike & Bike Trail on Sublot 15, which is legally distinct from an easement; (2) the process by which the HOA could have obtained ownership of the Hike & Bike Trail on Sublot 15 under the Declaration (i.e., through a conveyance from the developer to the HOA) never occurred; (3) instead of following the process set forth in the Declaration for conveying ownership of the Hike & Bike Trail on Sublot

15 to the HOA, the developer conveyed the entire Sublot 15 to the prior owners of Sublot 15, who then conveyed the entire Sublot 15 to Homeowners; and (4) the alleged easement does not comply with the City's Land Development Code, in part, because it does not indicate the alleged easement's approximate location and width.

## The Trial Court's Judgment

{¶17} The trial court overruled Homeowners' objections. The trial court summarized Homeowners' objections as "describ[ing] a process that *could* have occurred, but did not." (Emphasis in original.) The trial court noted that Homeowners' arguments primarily relied on the language of Note 2. The trial court rejected Homeowners' arguments, reasoning that:

> the Developer constructed the Bike and Hike Trail prior to creating the subdivision, as directed by the City of Hudson. Rather than create a separate lot or parcel for the Bike and Hike Trail, it is part of Lot 15 and noted on the plat map as an easement. The court finds [Homeowners'] argument without merit, and finds that the language from the Declarations does not prohibit the process the Developer followed.

The trial court then adopted the magistrate's decision, declaring that:

> a valid easement exists on Lot 15 in Nottingham Gate Estates, Phase IV, as recorded in Plat 55132143, of Summit County Records, and replatted as Plat 55315277 as Phase IV and Phase V of Summit County Records, for the hike and bike trail that runs along the south side of Lot 15, in favor of the Nottingham Gates Estates HOA, Inc. The easement is to be maintained by the Nottingham Gates Estates HOA, Inc.

Homeowners now appeal, raising two assignments of error for this Court's review.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED IN OVERRULING [HOMEOWNERS'] OBJECTIONS TO THE MAGISTRATE'S DECISION, AND IN ADOPTING THE MAGISTRATE'S DECISION FINDING FOR [THE HOA] ON COUNT FIVE, BECAUSE THERE WAS NO EASEMENT CREATED FOR THE HIKE & BIKE TRAIL IN SUBLOT 15 FOR [THE HOA].

{¶18} In their first assignment of error, Homeowners argue that the trial court erred by adopting the magistrate's decision because no easement exists for the Hike & Bike Trail on Sublot 15. "Generally, this Court reviews a trial court's action with respect to a magistrate's decision for an abuse of discretion." *Wenger v. Wenger*, 2024-Ohio-3354, ¶ 11 (9th Dist.), quoting *In re L.M.W.*, 2020-Ohio-6856, ¶ 9 (9th Dist.). We consider the trial court's action, however, "with reference to the nature of the underlying matter." *Simecek v. Simecek*, 2024-Ohio-2471, ¶ 13 (9th Dist.), quoting *Tabatabai v. Tabatabai*, 2009-Ohio-3139, ¶ 18 (9th Dist.). "The construction of written contracts and instruments of conveyance is a matter of law." *Bath Twp. v. Raymond C. Firestone Co.*, 140 Ohio App.3d 252, 256 (9th Dist. 2000), quoting *Alexander v. Buckeye Pipe Line Co.*, 53 Ohio St.2d 241 (1978), paragraph one of the syllabus. Accordingly, this Court applies a de novo standard of review. *Porterfield v. Bruner Land Co., Inc.*, 2017-Ohio-9045, ¶ 15 (7th Dist.).

{¶19} "An easement is a property interest in the land of another that allows the owner of the easement a limited use of the land in which the interest exists." *Dysart v. Circle J., L.L.C.*, 2016-Ohio-869, ¶ 13 (9th Dist.), quoting *Merrill Lynch Mtge. Lending, Inc. v. Wheeling & Lake Erie Ry. Co.*, 2010-Ohio-1827, ¶ 10 (9th Dist.). "The creation of an easement may be express, implied, or by prescription." *Merrill Lynch Mtge. Lending, Inc.* at ¶ 10.

{¶20} Here, the trial court concluded that Note 2 created an express easement for the Hike & Bike Trail on Sublot 15. "An express easement may be created by grant, or by reservation or exception in a deed." *Id.* "There are no particular words required to create an easement by express grant, provided that the intent of the parties is clear from the document." *Tower 10, LLC v. 10 W Broad Owner, LLC*, 2020-Ohio-3554, ¶ 28 (10th Dist.), quoting *Cincinnati Entertainment Assocs., Ltd. v. Bd. of Commrs.*, 141 Ohio App.3d 803, 813 (1st Dist. 2001).

{¶21} The 2019 deed conveying Sublot 15 to Homeowners expressly references the recorded Plats. "When land is conveyed by the lot number of a recorded plat, the plat becomes as much a part of the description as would be the case if copied into the instrument of conveyance, or if the data furnished by the plat were set out in full in such instrument." *Krzewinski v. Eaton Homes, Inc.*, 108 Ohio App. 175 (9th Dist. 1958). Thus, the Plats were part of Homeowners' chain of title, providing Homeowners with constructive notice of any easements or restrictions reflected in the Plats. *See Emrick v. Multicon Builders, Inc.*, 57 Ohio St.3d 107, 109 (1991).

{¶22} As noted above, Note 2 of the Plats provides:

> All proposed retention basins, *the Hike and Bike Trail in Block "D" and Sublot 15*, and the relocated stream, in the rear of Sublots 1 through 7, *will be privately owned and maintained by the Home Owners Association.*

(Capitalization omitted and emphasis added.). While no particular words are required to create an express easement, Note 2 plainly refers to the HOA's potential future ownership and maintenance of the Hike & Bike Trail on Sublot 15. It also refers to the HOA's potential future ownership and maintenance (not an easement) of the proposed retention basins, the Hike & Bike Trail in Block D, and the relocated stream. Yet the trial court erroneously conflated ownership with an easement.

{¶23} As the Ohio Supreme Court has made clear, courts are to enforce contracts according to their plain meaning, not to determine what the parties should have contracted for in retrospect. *Boone Coleman Constr., Inc. v. Piketon*, 2016-Ohio-628, ¶ 39; *see Siltstone Resources, LLC v. Ohio Pub. Works Comm.*, 2019-Ohio-4916, ¶ 29 (7th Dist.) ("Contract construction rules apply to the interpretation of the deed restrictions."). "It is not the responsibility or function of this court to rewrite the parties' contract in order to provide for a more equitable result." *Foster Wheeler Enviresponse, Inc. v. Franklin Cnty. Convention Facilities Auth.*, 78 Ohio St.3d 353, 362 (1997).

{¶24} Note 2 indicates that the Hike & Bike Trail on Sublot 15 "*will be* privately owned and maintained" by the HOA. (Emphasis added.) As Homeowners have consistently argued, the plain language of Note 2 contemplates a future conveyance to the HOA, which never occurred, rather than a present easement. Additionally, Note 2 begins with the qualifier "All proposed[,]" which also reflects the HOA's lack of a present interest (easement or otherwise) in the Hike & Bike Trail on Sublot 15. *See P.J. Lindy & Co. v. Savage*, 2019-Ohio-736, ¶ 33 (6th Dist.) (explaining the "series qualifier" rule of contract interpretation).

{¶25} Simply put, nothing in the plain language of Note 2 indicates that the HOA has an express easement for the Hike & Bike Trail on Sublot 15. *See Dysart*, 2016-Ohio-869, at ¶ 13 (9th Dist.), quoting *Merrill Lynch Mtge. Lending*, 2010-Ohio-1827, at ¶ 10 (9th Dist.) ( "An easement is a property interest in the land of another that allows the owner of the easement a limited use of the land in which the interest exists."). Consequently, the trial court erred when it determined that Note 2 created an express easement for the Hike & Bike Trail on Sublot 15. Homeowners' first assignment of error is sustained.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN OVERRULING [HOMEOWNERS'] OBJECTIONS TO THE MAGISTRATE'S DECISION, AND IN ADOPTING THE NOVEMBER 10, 2022 MAGISTRATE'S DECISION FINDING FOR [THE HOA] ON COUNT FIVE, BECAUSE [HOMEOWNERS] DID NOT RECEIVE CONSTRUCTIVE NOTICE THAT THE ALLEGED EASEMENT FOR THE HIKE & BIKE TRAIL HAD BEEN CREATED IN SUBLOT 15 FOR [THE HOA].

{¶26} In their second assignment of error, Homeowners argue that the trial court erred by overruling their objections and adopting the magistrate's decision because they did not have constructive notice of the alleged easement. In light of this Court's disposition of Homeowners' first assignment of error, this Court overrules Homeowners' second assignment of error on the basis that it is moot. App.R. 12(A)(1)(c).

III.

{¶27} Homeowners' first assignment of error is sustained. Homeowners' second assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is reversed.

Judgment reversed.

_____

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellees.

_____
JILL FLAGG LANZINGER
FOR THE COURT

SUTTON, J.
CONCURRING.

{¶28}   Although I concur with this Court's conclusion that no express easement exists, I write separately to emphasize the plain language in Article IV of the Declaration, and in Note 2, indicates the developer "hereby covenants for itself and it[s] successors and assigns that it shall convey the Common Facilities and real property related thereto to the Association at such time all improvements are installed[,]" and the Hike & Bike Trail on Sublot 15 "will be privately owned and maintained" by the HOA.

{¶29}   Thus, our determination regarding the express easement in no way precludes the developer from conveying the property to the HOA as set forth in the Declaration and Note 2, if the developer has not yet done so.

STEVENSON, P. J.
CONCURRING IN JUDGMENT ONLY.

{¶30}   I respectfully concur in judgment only with the majority opinion.  I agree that the decision of the trial court should be reversed, however, I would find that the trial court erred by focusing on the wrong question in this case. The Homeowners filed a declaratory judgment asking the following question as noted by the majority:

> any use by the HOA, Board Members, members of the general public or other third parties of the (non-existent) Hike and Bike Trail on [Homeowners'] property, whether for recreational use, repair, widening, expansion or otherwise, is unlawful and in violation of the rights of [Homeowners].

{¶31}   However, instead of simply declaring whether any use of the Hike & Bike Trail by these various groups was lawful, the trial court's opinion went further and decided a question it was not asked to decide: the specific ownership interest conveyed in the Hike & Bike Trail. The majority reaches that question and finds that the trial court erred in its reasoning. I would not reach

that question and would reverse and remand the matter to the trial court to properly focus on the declaratory judgment brought by Homeowners.

{¶32} The trial court's reinterpretation of the question in this case changed the focus from the original declaratory judgment action, which sought a declaration that any use of the Hike & Bike Trail by members of the public or third parties is unlawful, to defining the actual ownership interest of the Hike & Bike Trail. That change of focus may have obscured whether the trial court had jurisdiction to hear the declaratory judgment action in this matter. R.C. 2721.12 governs the inclusion of parties in a declaratory judgment action. R.C. 2721.12(A) provides that "all persons who have or claim any interest that would be affected by the declaration shall be made parties to the action or proceeding." Essentially, R.C. 2721.12(A) seeks to protect the due process right to be heard to any person whose interest could be affected by a declaratory judgment. Accordingly, "[t]he absence of a necessary party is a jurisdictional defect that precludes any declaratory judgment." *Cerio v. Hilroc Condominium Unit Owners Assn., Inc.*, 2004-Ohio-1254, ¶ 10 (8th Dist.), citing *Bretton Ridge Homowners Club v Deangelis*, 51 Ohio App.3d 183, 185 (8th Dist. 1988), citing *Cincinnati v Whitman*, 44 Ohio St.2d 58, 59 (1975). Determining if a nonparty is a necessary party to a declaratory judgment action depends on whether that nonparty "has a legally protectable interest in rights that are the subject matter of the action." *Rumpke Sanitary Landfill, Inc. v. Ohio*, 2010-Ohio-6037, ¶ 15. A "legally protectable interest" is "'[a]n interest recognized by law.'" *Id.* at ¶ 14, quoting Black's Law Dictionary 886 (9th Ed. 2009).

{¶33} It appears from the record that the residents of Nottingham Gate Estates may claim an interest in use of the Hike & Bike Trail; therefore, any declaration by the trial court would affect their ability to use it as established in the original plat. If so, the residents ought to be heard in an action affecting their interests. Accordingly, these neighbors may be parties under R.C. 2721.12(A)

and the Court may not have jurisdiction to affect their interests without their participation in the action.

{¶34} Accordingly, I concur in the judgment to reverse and remand the decision of the trial court.

APPEARANCES:

BRIAN A. SMITH, Attorney at Law, for Appellants.

JOSEPH MONROE, II and KATHLEEN M. KENNEDY, Attorneys at Law, for Appellees.